**Abel Chaves BAETA, Petitioner–Appellant,**

v.

**Roseanne C. SONCHIK; Immigration and Naturalization Service, Respondents–Appellees.**

No. 00–16073.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 15, 2001

Filed Nov. 29, 2001

---

4. In light of these conclusions, it is unnecessary to address Popova's NACARA claim.

James Todd Bennett; El Cerrito, California, attorney for the petitioner-appellant.

Brian G. Slocum and Robbin K. Blaya; Office of Immigration Litigation; United States Department of Justice; Washington, D.C.; attorney for the respondent-appellee.

Before: RONEY,* HUG, and THOMAS, Circuit Judges.

THOMAS, Circuit Judge:

In this appeal, we consider whether the district court properly dismissed for lack of jurisdiction a petition for habeas corpus seeking review of a final removal order. We conclude that, under the circumstances presented by this case, transfer to the Court of Appeals is appropriate under 28 U.S.C. § 1631. After consideration on the merits, we deny the petition for review.

## I

Abel Chaves Baeta was born in Portugal in 1959 and entered the United States as a lawful permanent resident on May 19, 1967. In 1993, he was convicted in the State of California of committing lewd acts upon a child, his stepdaughter, in violation of Cal.Penal Code § 288(a). He was sentenced to six years in prison. In 1997, the Immigration and Naturalization Service ("INS") served Baeta with a notice to appear in immigration court for removal proceedings based upon that conviction. This action provoked a series of administrative motions and actions which need not be detailed here. Relevant for our purposes, Baeta argued at his removal hearing that he was not subject to removal based on the conviction and that he was an American citizen based on his grandmother's citizenship. The immigration judge denied his request for a change in status and found that he was ineligible for cancellation, voluntary departure, or adjustment of status because of his conviction. Baeta was ordered removed to Portugal.

Baeta filed a notice of appeal with the Board of Immigration Appeals ("BIA"). On appeal, he argued that he was eligible for relief under the Immigration and Naturalization Act ("INA") §§ 212(c) and 212(h), that he was a U.S. citizen, and that he had been denied due process because he was not allowed to obtain documents from his cell to support his claims during his removal proceedings. The BIA affirmed the immigration judge's determination that Baeta was removable and that he was ineligible for relief from removal.

* The Honorable Paul H. Roney, Senior Circuit Judge for the Eleventh Circuit, sitting by designation.

Within thirty days of the BIA decision, Baeta completed a petition for a writ of habeas corpus and submitted it to INS detention center authorities, asking them to execute his in forma pauperis declaration and mail the petition. Baeta's habeas petition was filed in U.S. District Court for the District of Arizona thirty-one days after the BIA had entered its final decision of removal and one day after the deadline for seeking review of that decision had expired. See 8 U.S.C. § 1252(b)(1).

■ The district court dismissed Baeta's habeas petition on the grounds, *inter alia*, that the proper jurisdiction lay in the Court of Appeals for his nationality claims.[2] We review *de novo* a district court's decision to grant or deny a petition for habeas corpus. *Singh v. Ilchert*, 63 F.3d 1501, 1506 (9th Cir.1995). We also review *de novo* the legal questions involved in a petitioner's claim that he is a citizen of the United States. *Hughes v. Ashcroft*, 255 F.3d 752, 755 (9th Cir.2001).

## II

■ Much judicial attention has been required to untie the various jurisdictional Gordian knots created by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104–208, 110 Stat. 3009 (Sept. 30, 1996), as amended by Act of Oct. 11, 1996, Pub.L. No. 104–302, 110 Stat. 3656. In this appeal, we must decide on the proper forum for entertaining assertions of American citizenship made in the context of removal proceedings.

At first blush, resolution of the question seems simple enough. The relevant section, 8 U.S.C. § 1252(b)(5), vests jurisdiction in the court of appeals. It provides:

If the petitioner claims to be a national of the United States and the court of appeals finds from the pleadings and affidavits that no genuine issue of material fact about the petitioner's nationality is presented, the court shall decide the nationality claim.

8 U.S.C. § 1252(b)(5)(A).

If genuine issues of fact exist concerning the nationality claim, the statute prescribes a different procedure:

If the petitioner claims to be a national of the United States and the court of appeals find that a genuine issue of material fact about the petitioner's nationality is presented, the court shall transfer the proceeding to the district court of the United States for the judicial district in which the petitioner resides for a new hearing on the nationality claim and a decision on that claim as if an action had been brought in the district court under section 2201 of Title 28.

8 U.S.C. § 1252(b)(5)(B).

Thus, under the normal procedure, the court of appeals would consider nationality assertions in the context of a petition for review of a final order of removal. If genuine issues of fact were presented, the petition would be transferred to the district court; if not, the court of appeals would decide the issue. *See Hughes v. Ashcroft*, 255 F.3d 752, 755 (9th Cir.2001).

However, this case did not present itself to us wrapped in the usual package. The INS ordered Baeta's removal because he was convicted of lewd conduct, a conviction which, under IRIRA, precludes us from reviewing the BIA's removal order. 8 U.S.C. § 1252(a)(2)(C). On the other hand, district courts retained jurisdiction under 28 U.S.C. § 2241 to hear habeas petitions filed by aliens who were convicted of qualifying offenses and precluded

---

**2.** Baeta raised issues separate from his nationality claim in the habeas petition which the district court had jurisdiction to review. These claims were not appealed and are thus not considered here.

from court of appeals review. *Calcano–Martinez v. INS*, 533 U.S. 348, 121 S.Ct. 2268, 2270, 150 L.Ed.2d 392 (2001); *Flores–Miramontes v. INS*, 212 F.3d 1133, 1134, 1136 (9th Cir.2000).

The apparent tension in these jurisdictional rules was resolved by *Hughes*, which held that we retain jurisdiction in criminal alien removal cases to determine whether the petitioner is, in fact, an alien. 255 F.3d at 755.

The additional wrinkle in this case is that Baeta did not file a petition for review of the BIA decision with this court; rather, he filed a petition for habeas corpus in the district court and filed it one day after the statutory thirty-day period for filing a petition for review. 8 U.S.C. § 1252(b)(1). Filing in the district court was not an entirely misguided notion considering the apparent inconsistencies in the jurisdictional statutes that were resolved by the *Hughes* decision.

Under the circumstances presented, transfer of the portion of the habeas petition raising nationality allegations to this Court is appropriate. *See* 28 U.S.C. § 1631; *Cruz–Aguilera v. INS*, 245 F.3d 1070, 1074 (9th Cir.2001). Section 1631 provides:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631.

In the immigration context, "[t]he transfer statute authorizes us to transfer these cases to ourselves if: (1) we would have been able to exercise jurisdiction on the date that they were filed in the district court; (2) the district court lacked jurisdiction over the cases; and (3) the transfer is in the interests of justice." *Castro–Cortez v. INS*, 239 F.3d 1037, 1046 (9th Cir.2001).

As to the first requirement, Baeta filed his habeas petition one day after the statutory appeal deadline, so transfer normally would be precluded. However, it is undisputed that Baeta gave the petition to the INS detention center authorities for mailing well within the appeal period. He is entitled to a constructive filing date as of that date. *See Houston v. Lack*, 487 U.S. 266, 270, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988); *Hostler v. Groves*, 912 F.2d 1158, 1160 (9th Cir.1990). Thus, his petition for review would have been timely if filed in the proper court.

As we have noted, the district court lacked jurisdiction over nationality issues under 8 U.S.C. § 1252(b)(5)(A). Thus, the second transfer requirement is satisfied.

The final requirement is that the transfer be "in the interest of justice." Because the purpose of the transfer statute "is to aid litigants who were confused about the proper forum for review," a petition that would be time-barred without a transfer satisfies the interest of justice test. *Rodriguez–Roman v. INS*, 98 F.3d 416, 423–24 (9th Cir.1996). As we have noted, "[n]ormally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is 'time-consuming and justice-defeating.' " *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir.1990) (quoting *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467, 82 S.Ct. 913, 8

L.Ed.2d 39 (1962)). Due to the uncertain nature of jurisdiction in this area, the filing of the habeas petition is understandable and transfer to the proper forum is particularly appropriate. *Castro–Cortez*, 239 F.3d at 1046. Because Baeta's good faith claims would otherwise be precluded from being considered on the merits, transfer to this Court is in the interests of justice. Thus, pursuant to 28 U.S.C. § 1631, we transfer the nationality issues raised by Baeta in his habeas petition to ourselves for consideration on the merits.

## III

■ Baeta claims derivative citizenship by virtue of the citizenship of his grandmother. If he raises a genuine issue of fact concerning this issue, then transfer to the district court for an evidentiary hearing is required. 8 U.S.C. § 1252(b)(5)(B). However, after a careful review of the record, we conclude that there are no genuine issues of material fact and that Baeta's citizenship claim must be denied.

Under 8 U.S.C. § 1401(g), a person born outside the geographical limits of the United States and its possessions is a national and citizen of the United States at birth if one of his parents is an alien and the other is a United States citizen. 8 U.S.C. § 1401(g). The citizen parent must have been physically present in the United States for a period or periods of not less than five years, at least two of which were after the parent was 14 years old. *Id.* Section 1431(a) provides that a child born outside the United States "automatically becomes a citizen of the United States" when certain conditions are fulfilled. 8 U.S.C. § 1431(a). Those conditions include a requirement that at least one parent be a citizen of the United States. 8 U.S.C. § 1431(a)(1).

In order to create a genuine issue of fact that warrants an evidentiary hearing, Baeta must satisfy traditional summary judgment principles, such as tendering sufficient evidence for each statutory element. *See Chau v. INS,* 247 F.3d 1026, 1028 (9th Cir.2001). Baeta did not tender any evidence about the citizenship of his parents. Indeed, Baeta concedes that based on the record, "resolution of the status of his parents is not possible." Although he submitted some evidence indicating that his grandmother was attempting to regain her citizenship after losing it by marrying a Portugese citizen, no evidence in the record indicates that her attempts were successful. Because Baeta's petition cannot succeed unless he proves that one of his parents was a United States citizen, *see* 8 U.S.C. §§ 1401(g), 1431(a)(1), and the undisputed record indicates that he cannot, his petition for review must be dismissed.

## IV

In sum, we transfer Baeta's nationality claims for our decision on the merits pursuant to § 1631. After considering the merits, we conclude that there are no genuine issues of material fact raised by Baeta that would justify an evidentiary hearing on nationality.

**TRANSFERRED AND DISMISSED.**