Carlos VALDIVIA, Petitioner–
Appellant,

v.

IMMIGRATION AND NATURAL-
IZATION SERVICE, Respon-
dent–Appellee.

No. 00–16884.
D.C. No. CV–F–98–6344–REC.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 15, 2001.

Decided April 18, 2002.

Before RONEY,* HUG, and THOMAS,
Circuit Judges.

* The Honorable Paul H. Roney, Senior Circuit Judge for the Eleventh Circuit, sitting by designation.

MEMORANDUM**

Carlos Valdivia ("Valdivia") appeals the district court's denial of his 28 U.S.C. § 2241 habeas corpus petition. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we review *de novo* the district court's denial of Valdivia's habeas corpus petition. *See Baeta v. Sonchik*, 273 F.3d 1261, 1263 (9th Cir.2001). We affirm.

Valdivia's argument on appeal is two-pronged. First, he claims that an immigration judge in a 1987 order improperly classified him as an excludable alien. Alleging that sometime in 1984 he left the United States for Mexico, without permission from the Immigration and Naturalization Service ("INS"), and later illegally re-entered the United States, Valdivia contends that his proper classification is that of an illegal alien. Second, Valdivia asserts that, as an illegal alien, he is entitled to due process rights under the Fifth Amendment, and that his continued detention in INS custody violates these rights. *See Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491, 2501, 2506, 150 L.Ed.2d 653 (2001); *Ma v. Ashcroft*, 257 F.3d 1095, 1102, 1109–10 (9th Cir.2001).

█ We do not have, nor did the district court have, jurisdiction to consider Valdivia's claim that his travel to Mexico and back made him an illegal, rather than an excludable, alien because Valdivia did not present this claim to the immigration judge who ordered Valdivia excluded. Valdivia also failed to appeal the immigration judge's order to the Board of Immigration Appeals. We require habeas petitioners to exhaust available judicial and administrative remedies before seeking relief under 28 U.S.C. § 2241. *Castro–Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001); *Cortez–Acosta v. INS*, 234 F.3d 476,

480 (9th Cir.2000) (" '[f]ailure to raise an issue in an appeal to the BIA constitutes a failure to exhaust remedies with respect to that question and deprives this court of jurisdiction to hear the matter.' " (citation omitted)). Accordingly, we do not pass on Valdivia's claim that the immigration judge improperly classified him as an excludable alien.

█ The exhaustion requirement does not apply, however, to Valdivia's due process claim because, unlike questions of entry, which are properly made at an INS exclusion hearing, *see Landon v. Plasencia*, 459 U.S. 21, 32, 103 S.Ct. 321, 74 L.Ed.2d 21 (1982), the INS does not have jurisdiction to adjudicate constitutional issues. *See Wang v. Reno*, 81 F.3d 808, 814–16 (9th Cir.1996); *Bagues–Valles v. INS*, 779 F.2d 483, 484 (9th Cir.1985). We therefore may reach Valdivia's claim that his continued detention in INS custody violates his due process rights. Assuming that the immigration judge properly found Valdivia to be excludable, as we must without independent review of the matter, we hold that Valdivia's claim must fail. Excludable aliens have no constitutional right to be free from extended detention and may be detained indefinitely. *Barrera–Echavarria v. Rison*, 44 F.3d 1441, 1449 (9th Cir.1995) (en banc). Accordingly, we affirm the district court's denial of Valdivia's 28 U.S.C. § 2241 petition.

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.