**Luis GOMEZ, Petitioner**

v.

**BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT'S INTERIM FIELD OFFICE DIRECTOR FOR DETENTION AND REMOVAL FOR THE PHILADELPHIA DISTRICT, Respondent.**

**Civil No. 1:CV–04–0295.**

United States District Court, M.D. Pennsylvania.

April 23, 2004.

George R. Barron, Wilkes–Barre, PA, for Petitioner.

Daryl Ford Bloom, Harrisburg, PA, for Respondent.

### MEMORANDUM

RAMBO, District Judge.

Before the court is Petitioner Luis Gomez's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner, who is currently detained in Pike County, Pennsylvania, challenges the lawfulness of his final order of removal from the United States and asserts that his removal is not appropriate because he is a national under 8 U.S.C. 1101(a)(22). Because the court concludes that Petitioner is not a national, the court will deny his habeas petition.

### I. Background

Petitioner is a native and citizen of the Dominican Republic and was admitted to the United States on October 31, 1962. (Ex. A in Supp. of Am. Pet. for Writ of Habeas Corpus.) On September 9, 1975 Petitioner enlisted in the United States Marine Corps and signed an Oath of Enlistment. (Ex. B in Supp. of Am. Pet. for Writ of Habeas Corpus.) The Oath states:

I, ————, do solemnly swear (or affirm) that I will support and defend the Constitution of the United States against all enemies, foreign and domestic; that I will bear true faith and allegiance to the same; and that I will obey the orders of the President of the United States and the orders of the officers appointed over me, according to regulations and the Uniform Code of Military Justice. So help me God.

(Am. Pet. for Writ of Habeas Corpus at 2.) Petitioner served the military on active duty for three years. During this time, he was promoted to the rank of Lance Corporal. (Am. Pet. for Writ of Habeas Corpus at 3.) On November 11, 1977, Petitioner witnessed a helicopter crash that triggered a nervous breakdown and was later diagnosed with schizophrenia. (*Id.*) Petitioner was transported to the Veterans Administration ("VA") Hospital for treatment and was placed on the temporary disability retired list. (*Id.*) He was released from the VA Hospital in March 1978. (*Id.*)

On July 10, 1979, Petitioner was convicted of manslaughter and received a 10–year sentence. (*Id.*) While incarcerated, Petitioner was discharged from the Marine Corps by reason of physical disability with severance pay effective April 15, 1986. (*Id.*) Petitioner also took college-level courses during his incarceration and married Belkis Gomez, with whom he has two sons, Jose and David. (*Id.* at 4.) Petitioner was released from prison in February 1988.

In 1998, Petitioner was convicted and sentenced for the attempted criminal sale of heroin in the third degree. (Gov't's Resp. to Am. Pet. for Writ of Habeas Corpus at 2.) While serving this sentence,

the former Immigration and Naturalization Service, now the Bureau of Immigration and Customs Enforcement ("ICE"), commenced removal proceedings on February 9, 2000. (*Id.* at 2–3.) An Immigration Judge ordered Petitioner removed to the Dominican Republic on April 25, 2001 pursuant to 8 U.S.C. 237(a)(2)(A)(iii) and (a)(2)(B)(i) as an alien who has been convicted of an aggravated felony[1] and of violating a controlled substance law respectively. (*Id.* at 3.) Petitioner appealed the decision to the Board of Immigration Appeals ("the Board"), but the Board affirmed the Immigration Judge in an August 6, 2001 order. (*Id.*)

On December 4, 2003, Petitioner was released from prison. (Am. Pet. for Writ of Habeas Corpus at 4.) Upon release, he was detained by ICE, and he remains in its custody. (*Id.*) Petitioner filed a petition for writ of habeas corpus on February 10, 2004. The parties have briefed the issues, and the matter is ripe for disposition.[2]

## II. *Legal Standard*

Under 28 U.S.C. § 2241(c)(3), a writ of habeas corpus may extend to any person "in custody in violation of the Constitution or laws or treaties of the United States." *See also Zadvydas v. Davis,* 533 U.S. 678, 687, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001). Recently, the Supreme Court established that despite comprehensive amendments to judicial review of immigration decisions through the Antiterrorism and Effective Death Penalty Act of 1996 and the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, federal district courts have jurisdiction to decide habeas corpus petitions filed under 28 U.S.C. § 2241 by aliens subject to deportation. *INS v. St. Cyr,* 533 U.S. 289, 314,

121 S.Ct. 2271, 150 L.Ed.2d 347 (2001); *see also Chong v. Dist. Dir., INS,* 264 F.3d 378, 382 (3d Cir.2001). However, a district court's review of administrative immigration decisions under § 2241 is limited. First, a district court reviews only the opinion of the Board and does not review both the Board's and the Immigration Judge's opinions. *Abdulai v. Ashcroft,* 239 F.3d 542, 549 (3d Cir.2001). Second, the standard of review is restricted to purely legal questions. *Bakhtriger v. Elwood,* 360 F.3d 414, 424 (3d Cir.2004); *Sol v. INS,* 274 F.3d 648, 651 (2d Cir.2001); *Bowrin v. INS,* 194 F.3d 483, 490 (4th Cir.1999). Specifically, a district court may review statutory and constitutional claims as well as claims asserting the erroneous application of legal principles to undisputed facts. *Bakhtriger,* 360 F.3d at 424–25; *Ogbudimkpa v. Ashcroft,* 342 F.3d 207, 222 (3d Cir.2003). However, federal jurisdiction over § 2241 petitions does not extend to review of discretionary determinations made by the Board. *Bakhtriger,* 360 F.3d at 420; *Sol,* 274 F.3d at 651.

## III. *Discussion*

Petitioner contends that his habeas petition should be granted because only aliens may be removed from the United States. Because Petitioner qualifies as a national, his argument goes, he is excluded from the statutory definition of "alien." In response, the Government contends that the court lacks jurisdiction to hear Petitioner's claims and that, in the alternative, Petitioner is not a national as that term is defined in the United States Code and Third Circuit precedent. Because the court finds the Government's second argu-

---

**1.** Petitioner concedes that his offenses are "aggravated felonies" that would subject an alien to removal.

**2.** Petitioner did not file a reply brief as permitted by Middle District Local Rule 7.7.

ment persuasive, the court will deny Petitioner's habeas petition.

### A. *The court has jurisdiction over Petitioner's habeas petition.*

■ The Government argues that the district court does not have jurisdiction to decide Petitioner's habeas petition because under 8 U.S.C. § 1252(b)(5), the court of appeals has sole jurisdiction to determine nationality claims. Section 1252(b)(5) provides in relevant part:

(A) Court determination if no issue of fact. If the petitioner claims to be a national of the United States and the court of appeals finds from the pleadings and affidavits that no genuine issue of material fact about the petitioner's nationality is presented, the court shall decide the nationality claim.

(B) Transfer if issue of fact. If the petitioner claims to be a national of the United States and the court of appeals finds that a genuine issue of material fact about the petitioner's nationality is presented, the court shall transfer the proceeding to the district court of the United States for the judicial district in which the petitioner resides for a new hearing on the nationality claim. . . .

The Government interprets this statute as requiring district courts to transfer habeas petitions regarding nationality to the relevant court of appeals.

The court rejects the Government's argument. It is well-established that district courts retain jurisdiction over habeas corpus petitions under 28 U.S.C. § 2241. *See INS v. St. Cyr,* 533 U.S. 289, 314, 121 S.Ct. 2271 (2001); *Sandoval v. Reno,* 166 F.3d 225, 231 (3d Cir.1999). In *INS v. St. Cyr,* 533 U.S. 289, 121 S.Ct. 2271 (2001), the Supreme court analyzed 8 U.S.C. § 1252(b)(9). Although the Court found the statute's purpose was to consolidate judicial review into one action at the appel-

late court level, the Court determined that the statute applied only to review of an order of removal and not to habeas petitions. *Id.* at 313, 121 S.Ct. 2271. The Court also concluded that in the absence of a "clear, unambiguous, and express statement of congressional intent to preclude judicial consideration of habeas petitions," preventing district courts from retaining jurisdiction over habeas petitions would raise serious constitutional questions. *Id.* at 314, 121 S.Ct. 2271. Finally, the Court noted that judicial review and habeas corpus petitions are historically distinct legal concepts. *Id.* at 313, 121 S.Ct. 2271.

Like the statute in *St. Cyr,* § 1252(b)(5) does not contain a "clear, unambiguous, and express statement of congressional intent" to divest district courts from jurisdiction over habeas petitions. Thus, following the Supreme Court's reasoning in *St. Cyr,* to divest district courts of jurisdiction in habeas petitions would raise serious questions of constitutionality. Additionally, § 1252(b)(5) only relates to judicial review of orders of removal. *See* 8 U.S.C. § 1252(b) (setting forth the requirements for review of orders of removal). In *St. Cyr,* the Supreme Court acknowledged that judicial review is legally distinct from a habeas petition. Therefore, § 1252(b)(5) cannot be said to preclude the district court's jurisdiction over a petition for writ of habeas corpus.

The Government relies on *Salim v. Ashcroft,* 350 F.3d 307 (3d Cir.2003) for the proposition that the Third Circuit has recognized that jurisdiction over nationality claims lies only with the appellate court. In *Salim,* the Third Circuit, in relying on § 1252(b)(5), concluded that it had "jurisdiction to determine jurisdictional issues; that is to say, we are empowered to decide whether Salim is an alien." *Id.* at 308. The Third Circuit did not, however, hold that § 1252(b)(5) divested district courts of

jurisdiction over habeas petitions regarding nationality claims. In fact, the *Salim* court did not even address the issue. Further, the Third Circuit examined the *Salim* case under a petition for judicial review, not an appeal of a habeas decision from the district court. As previously stated, a petition for judicial review is historically distinct from a petition for writ of habeas corpus.[3] *St. Cyr*, 533 U.S. at 313, 121 S.Ct. 2271. In sum, *Salim* does not hold that § 1252(b)(5) divests the district court's jurisdiction in habeas petitions where nationality is at issue.

The Government also relies on several cases from other jurisdictions that hold that § 1252(b)(5) requires district courts to transfer habeas petitions raising nationality allegations to the relevant court of appeals. *See Baeta v. Sonchik*, 273 F.3d 1261, 1264 (9th Cir.2001); *Rodriguez v. Ashcroft*, No. 02–Civ.–1188, 2003 WL 42018, at *4 (S.D.N.Y. Jan. 6, 2003). Because the court finds that the plain language of the statute does not preclude the district court from deciding habeas petitions, the court is not persuaded by this line of cases. Further, the Third Circuit has not directly addressed the issue.[4] In short, following the rationale of the Supreme Court in *St. Cyr*, the court concludes that it has jurisdiction over habeas petitions regarding nationality.

## B. *Petitioner is not a national of the United States.*

█ Petitioner alleges that he cannot be deported because he is a national of the United States under 8 U.S.C. § 1101(a)(22). Petitioner claims that the Oath of Enlistment he was required to take when he joined the Marine Corps is objective proof that he owes a permanent allegiance to the United States.

█ A national is defined as "(A) a citizen of the United States, or (B) a person who, though not a citizen of the United states, owes a permanent allegiance to the United States." 8 U.S.C. § 1101(a)(22). The Third Circuit has held that when a petitioner is a citizen of another country, "nothing less than [United States] citizenship will show 'permanent allegiance to the United States.'" *Salim*, 350 F.3d at 310 (quoting 8 U.S.C. § 1101(a)(22)). In reaching this conclusion, the court relied on the Ninth Circuit's decision in *Perdomo–Padilla v. Ashcroft*, 333 F.3d 964, 969 (9th Cir.2003), which held that "one may become a 'national of the United States' only through birth or by *completing* the process of becoming a naturalized citizen." The *Salim* court, therefore, reasoned that an application for citizenship was insuffi-

---

**3.** It should be noted that the determination of whether a petitioner is a national is well within a district court's scope of review under § 2241 as long as there are no factual disputes. As stated above, the scope of review under a § 2241 habeas petition is restricted to purely legal questions, but includes an assessment of whether legal principles were erroneously applied to undisputed facts. *Bakhtriger v. Elwood*, 360 F.3d 414, 424–25 (3d Cir. 2004). In the instant matter, the parties do not contest the facts. Rather, Petitioner simply asks the court to make a legal determination as to whether those facts demonstrate that he is a national under 8 U.S.C. § 1101(a)(22).

**4.** Even though the Third Circuit has not directly addressed whether § 1252(b)(5) strips district courts of jurisdiction over habeas petitions dealing with nationality claims, in the past the Third Circuit has steadfastly adhered to the reasoning this court applies to the issue. *See Liang v. INS*, 206 F.3d 308, 321 (3d Cir.2000) (rejecting the Eleventh and Fifth Circuits' interpretation that 8 U.S.C. § 1252(b)(9) eradicated district courts' jurisdiction over § 2241 habeas petitions and noting that "[w]e continue to believe that had Congress intended to eliminate all habeas jurisdiction under § 2241, it would have done so by making its intent explicit in the language of the statute").

cient to show that one owes a permanent allegiance to the United States. *Id.* Further, the court was not persuaded that a petitioner who resided in the United States for thirty years, was married to a U.S. citizen, and had two naturalized U.S. children owed a permanent allegiance to the United States. *Id.* The petitioner in *Salim* argued that he owed a permanent allegiance to the United States because he had filed a naturalization application and had registered with the Selective Service. *Id.* at 309. Despite this, the court remarked that "[t]his country has not conferred any status on him that would cause him to 'owe' his allegiance to the United States." *Id.* at 310.

 Because Petitioner is a citizen of another country, the reasoning in *Salim* instructs that he must be a United States citizen in order to show that he owes a permanent allegiance to the United States. That is, Petitioner must demonstrate that he was born in the United States or completed the process of naturalization. The Marine Corps' Oath of Enlistment does not confer citizenship; therefore, it is insufficient to show that Petitioner owes a permanent allegiance to the United States. Further, Petitioner does not even allege that he ever even applied for citizenship to the United States. Petitioner has merely declared his subjective intent to owe a permanent allegiance to the United States. Proof of permanent allegiance, however, must be shown objectively. *See Salim,* 350 F.3d at 310 ("Although [the petitioner] may subjectively declare an allegiance to the United States, that is not sufficient.").

## IV. *Conclusion*

In accordance with the foregoing discussion, the court determines that it has jurisdiction over Petitioner's habeas petition because the plain language of 8 U.S.C. § 1252(b)(5) does not foreclose jurisdiction of habeas claims and only applies to judicial review, which is a distinct legal issue. Further, foreclosing jurisdiction in habeas claims raises serious constitutional issues. Nevertheless, the court will deny Petitioner's habeas petition because Petitioner failed to demonstrate that he is a national of the United States. An appropriate order will issue.

### *ORDER*

In accordance with the accompanying memorandum, **IT IS HEREBY OR-DERED THAT**:

1) Petitioner Luis Gomez's petition for writ of habeas corpus is **DENIED.**

2) The Clerk of Court shall close the case file.