Graham JONES, Petitioner,

v.

**DEPARTMENT OF HOMELAND SECURITY, Respondent.**

**Civil Action No. 03–5707.**

United States District Court, E.D. Pennsylvania.

July 9, 2004.

Sandra Greene, York, PA, for Petitioner.

Jeffrey S. Davidson, K.T. Newton, Philadelphia, PA, for Respondent.

## MEMORANDUM

DuBOIS, District Judge.

Presently before the Court is Graham Jones' counseled Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Original Petition"), in which petitioner raises a question of the lawfulness of his continued detention, and a Motion to Amend Petition for Habeas Corpus and Lift Stay of Removal ("Amended Petition"), in which, in addition to asking the Court to vacate a stay of removal, petitioner argues that he is a national of the United States and thus not subject to the immigration statutes. For the reasons the follow, the Original Petition is denied as moot and, the Amended Petition is transferred to the United States Court of Appeals for the Third Circuit for determination of petitioner's nationality claim.

## I BACKGROUND

Petitioner Graham Jones is a native of the United Kingdom who was brought as an infant to the United States by his parents in 1961. Amended Petition ¶ 2. Petitioner attained status as a lawful permanent resident upon entry to the United States but was never naturalized. *Id.* His parents are naturalized citizens of the United States and the petitioner is the father of three children who are United States citizens. Original Petition ¶ 2. All of petitioner's immediate family members and children reside in Pennsylvania. *Id.*

On December 7, 2000, petitioner was convicted in the United States District Court for the Middle District of Pennsylvania of conspiracy to distribute and possession with intent to distribute in excess of 500 grams of cocaine in violation of 21 U.S.C. § 846. Government's Response to Original Petition at 1. Petitioner served fifty-one months in prison for that conviction. *Id.*

On February 19, 2002, the Immigration and Naturalization Service ("INS") (now the Bureau of Immigration and Customs Enforcement ("BICE")) initiated removal proceedings through the issuance of a Notice to Appear to petitioner charging him with violating Section 237(a)(2)(B)(iii) of the Immigration and Naturalization Act

("INA") for an aggravated felony conviction and Section 237(a)(2)(B)(I) for a conviction related to a controlled substance. See 8 U.S.C. § 1227.[1] Petitioner was detained at York County Prison in York, Pennsylvania, pending the outcome of the removal proceedings.

Petitioner contested his removability by filing a motion to terminate the removal proceedings in which he asserted he is a non-citizen "national" of the United States and thus not subject to the immigration statutes. Original Petition ¶ 4. Petitioner based his argument on the fact that he registered for the Selective Service in Wilkes Barre, Pennsylvania, on or before his 21st birthday and that inasmuch as he owes permanent allegiance to the United States, he is a non-citizen national of the United States. Id. at ¶ 2. On April 11, 2003, Immigration Judge Walter A. Durling denied petitioner's motion to terminate and issued an order of removal against the petitioner. Id. at ¶ 5.

Petitioner filed a timely appeal of the decision of the immigration judge to the Board of Immigration Appeals and submitted a brief asserting the legal grounds for this claim of status as a non-citizen national of the United States. Original Petition ¶ 6. Petitioner's appeal to the Board of Immigration Appeals was dismissed. Id. at ¶ 7.

On October 14, 2003, petitioner filed the Original Petition. In the Original Petition, Jones argued that his continued detention violated his rights under the Constitution. By Order dated October 16, 2004, the Court enjoined the government from removing petitioner until further order of the Court.

On December 12, 2003, petitioner filed the Amended Petition in which he asked the Court to vacate the stay of removal entered on October 16, 2004 and argued, for the first time in this Court, that he is not removable from the United States on the ground that he is a non-citizen national of the United States and thus not subject to the immigration statutes. The government did not oppose petitioner's request that the stay of removal be vacated and the Court vacated the stay by Order dated January 16, 2004. With respect to petitioner's nationality claim, the government in its response to the Amendment Petition argued it should be transferred to the United States Court of Appeals for the Third Circuit.[2]

By Order dated June 4, 2004, the Court directed the parties to file a joint report with the Court addressing petitioner's status. In a report filed on June 16, 2004 (Docket No. 14), the government reported that petitioner was deported to the United Kingdom on February 6, 2004.

## II. STANDARD OF REVIEW

■ The Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA) precludes judicial review of criminal alien removal. 8 U.S.C. § 2252(b)(5). However, the Supreme Court has ruled that district courts have jurisdiction under 28 U.S.C. § 2241 to consider habeas petitions challenging such removal. *Calcano–Martinze v. INS*, 533 U.S. 348, 351, 121

---

1. Section 237(a)(2)(A)(iii) of the INA directs that "[a]ny alien ... in and admitted to the United States shall, upon order of the Attorney General, be removed if the alien ... is convicted of an aggravated felony at any time after admission." 8 U.S.C. § 1227(a)(2)(A)(iii). An aggravated felony is defined in Section 101(a)(43)(B) as including, among other crimes, "illicit trafficking in a controlled substance" (as defined in Section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18. 8 U.S.C. § 1101(a)(43)(B)).

2. Addressing petitioner's claim on the merits, the government argues that Third Circuit has rejected petitioner's argument in *Salim v. Ashcroft*, 350 F.3d 307 (3d Cir.2003).

S.Ct. 2268, 150 L.Ed.2d 392 (2001); *Chmakov v. Blackman,* 266 F.3d 210, 213 (3d Cir.2001) (citing *Zadvydas v. Davis,* 533 U.S. 678, 688, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001); *INS v. St. Cyr.,* 533 U.S. 289, 314, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001)) ("Both the Supreme Court and this Court have determined that notwithstanding the provisions of AEDPA or IIRIRA, district courts retain jurisdiction to hear habeas petitions filed by aliens subject to deportation for having committed certain criminal offenses."). The scope of review of such claims, however, is limited to questions of law. *Sol v. INS,* 274 F.3d 648, 651 (2d Cir.2001) (holding that "federal jurisdiction over § 2241 petitions does not extend to review of discretionary determinations by the IJ and BIA."); *Bowrin v. U.S. INS,* 194 F.3d 483, 490 (4th Cir.1999) ("Only questions of pure law will be considered on § 2241 habeas review. Review of factual or discretionary issues is prohibited."); *Bradshaw v. INS,* 2002 WL 1160832, at *1 (E.D.Pa. June 3, 2002) (citing *Sol,* 274 F.3d at 651); *see also St. Cyr,* 533 U.S. at 312, 121 S.Ct. 2271 (citing *Heikkila v. Barber,* 345 U.S. 229, 236, 73 S.Ct. 603, 97 L.Ed. 972 (1953)) (noting that scope of review in habeas corpus cases is "far narrower" than that authorized by the Administrative Procedure Act).

## II. *DISCUSSION*

### A. THE ORIGINAL PETITION

In the Original Petition, Jones argued his detention pending removal was unconstitutional and requested that the Court release him on bail. Subsequent to the filing of the Original Petition, on December 12, 2003, petitioner filed the Amended Petition in which he asked the Court to vacate the stay of removal, which the Court did by Order dated January 16, 2004. In a status report filed on June 16, 2004, the government confirmed that petitioner was released from custody and de-

ported to the United Kingdom on February 6, 2004.

■ Petitioner's status—specifically whether petitioner is in custody—is significant in the present case for several reasons. First, 28 U.S.C. § 2241(c) requires that an alien be "in custody" at the time that his habeas petition is filed. *Sayavong v. McElroy,* 2003 WL 470576, *3 (S.D.N.Y. 2003); *Severino v. Thornburgh,* 778 F.Supp. 5, 6–7 (S.D.N.Y.1991). Petitioner met that requirement in this case. At the time he filed the Original Petition and the Amended Petition he was detained at York County Prison in York, Pennsylvania.

■ Second, although petitioner's release from detention prior to his removal does not necessarily moot his Original Petition, for his claim to survive he must show "collateral consequences" adequate to meet Article III's injury-in-fact requirement. *Spencer v. Kemna,* 523 U.S. 1, 8, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998). In this case, however, the only relief sought in the Original Petition, release from custody, has been granted by the government. Thus, as to petitioner's Original Petition, the Court concludes that the single issue he raises, the unlawfulness of his continued detention, was rendered moot by petitioner's deportation to the United Kingdom on February 6, 2004.

### B. THE AMENDED PETITION

■ In the Amended Petition, Jones argues he is not a removable criminal alien but is instead a non-citizen "national" of the United States and thus not subject to the immigration statutes. Under the INA, only aliens are deportable from the United States. 8 U.S.C. § 1227. An "alien" is defined as "any person not a citizen or national of the United States." 8 U.S.C. § 1101(a)(3). Under the INA, a national is (a) a citizen of the United States or (b) or "a person who, though not a citizen of the

United States, owes permanent allegiance to the United States." 8 U.S.C. § 1101(a)(22). Petitioner asserts that when he registered for the Selective Service sometime before his 21st birthday he expressed public and permanent allegiance to the United States.

The IIRIRA vests jurisdiction over nationality claims in the Court of Appeals. 8 U.S.C. § 1252(b)(5); *Salim v. Ashcroft*, 350 F.3d 307, 308 (3d Cir.2003) (holding that Court of Appeals has jurisdiction to determine nationality claim for petitioner who is an aggravated felon). Section 1252(b)(5) provides:

(5) Treatment of nationality claims

(A) Court determination if no issue of fact

If the petitioner claims to be a national of the United States and the court of appeals finds from the pleadings and affidavits that no genuine issue of material fact about the petitioner's nationality is presented, the court shall decide the nationality claim.

(B) Transfer if issue of fact .

If the petitioner claims to be a national of the United States and the court of appeals finds that a genuine issue of material fact about the petitioner's nationality is presented, the court shall transfer the proceeding to the district court of the United States for the judicial district in which the petitioner resides for a new hearing on the nationality claim and a decision on that claim as if an action had been brought in the district court under section 2201 of Title 28.

(c) Limitation on determination

The petitioner may have such nationality claim decided only as provided in this paragraph.

(emphasis added).

The plain language of § 1252(b)(5) precludes district courts from considering a claim of entitlement to United States national status in the first instance. ·*Hussein v. Ashcroft*, 2002 WL 31027604, *4 (E.D.N.Y.2002). The claim must initially be filed in the court of appeals, which "shall transfer the proceeding to the district court" only if it finds "that a genuine issue of material fact about the petitioner's nationality is presented." 8 U.S.C. § 1252(b)(5)(B). Thus, this Court lacks jurisdiction to consider petitioner's claim that he is a non-citizen national of the United States in the first instance; petitioner must proceed in the Court of Appeals. *See .Baeta v. Sonchik*, 273 F.3d 1261, 1263 (9th Cir.2001); *Batista v. Ashcroft*, 270 F.3d 8, 11–12 (1st Cir.2001); *Hughes v. Ashcroft*, 255 F.3d 752, 755 (9th Cir.2001); *Hussein v. Ashcroft*, 2002 WL 31027604 (E.D.N.Y.2002); *Rivas v. Ashcroft*, 2002 WL 2005797, at * 4 (S.D.N.Y.Aug.29, 2002); *Clark v. I.N.S.*, 2000 WL 1456944 (N.D.Cal.Sept.20, 2000).

■ Although the IIRIRA precludes judicial review of a removal order for a criminal alien, see 8 U.S.C. § 2252(b)(5), the Supreme Court has ruled that *district courts* have jurisdiction under 28 U.S.C. § 2241 to consider habeas petitions challenging removal. *Calcano–Martinze v. INS*, 553 U.S. 348, 351, 121 S.Ct. 2268, 150 L.Ed.2d 392 (2001). Accordingly, petitioner's only recourse when he filed the Original Petition seeking a stay of removal was to proceed in this Court pursuant to 28 U.S.C. § 2241. Now that petitioner's removal issue has been resolved, and petitioner removed, the Amended Petition which raises a single issue—petitioner's nationality claim—must be transferred to the Court of Appeals pursuant to 28 U.S.C. § 1631.[3] *Constanza v. · Riley*, 259

---

**3.** Section 1631 provides:
Whenever a civil action is filed in a court as defined in section 610 of this title or an

appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that

F.Supp.2d 418, \*\*5 (E.D.Pa.2003) (citing *Baeta v. Sonchik,* 273 F.3d 1261, 1263–64 (9th Cir.2001)); *see also, Baeta,* 273 F.3d at 1264 (noting that national status claim presented in § 2241 habeas petition in district court should have been transferred to court of appeals pursuant to 28 U.S.C. § 1631); *Batista,* 270 F.3d at 11–12 (noting that national status claim presented in § 2241 habeas petition in district court was properly transferred to court of appeals pursuant to 28 U.S.C. § 1631); *Hussein v. Ashcroft,* 2002 WL 31027604, at \*3–4 (E.D.N.Y. Sept. 12, 2002) (transferring § 2241 habeas petition that presented a national status claim to court of appeals pursuant to 28 U.S.C. § 1631); *Rivas,* 2002 WL 2005797, at \* 5 (transferring national status claim presented in § 2241 habeas petition to court of appeals pursuant to 28 U.S.C. § 1631). While not controlling precedent, the Court concludes that the approach in *Baeta* effectuates Congress' clear intent that the courts of appeals adjudicate nationality claims in the first instance.

## IV. CONCLUSION

Because petitioner was deported to the United Kingdom on February 6, 2004, the issue of the lawfulness of his continued detention is moot and his Original Petition, in which he raised that single issue, is denied. As to the Amended Petition, because petitioner raises a nationality claim, the case is transferred to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. § 1631.

### *ORDER*

**AND NOW,** this 9th day of July, 2004, petitioner, Graham Jones, having filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Document No. 1, filed October 14, 2003), in which petitioner raises a question of the lawfulness of his continued detention, and a Motion to Amend Petition for Habeas Corpus and Lift Stay of Removal (Document No. 6, filed December 12, 2003), in which, in addition to asking the Court to vacate the stay of removal, petitioner argues that he is not removable from the United States on the ground that he is a national of the United States and thus not subject to the immigration statutes, and the government having reported to the Court in status report dated June 14, 2004 (Docket No. 14, filed June 15, 2004) that petitioner Graham Jones was deported to the United Kingdom on February 6, 2004, **IT IS ORDERED** as follows:

1) The Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Docket No. 1, filed October 14, 2003) is **DENIED AS MOOT;**

2) The Motion to Amend Petition for Writ of Habeas Corpus is **TRANSFERRED** to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. § 1631 for determination of petitioner's nationality claim; and

**IT IS FURTHER ORDERED** that the Clerk of Court **MARK** this case **CLOSED** for **STATISTICAL PURPOSES.**

there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.