**Bojidar ZAHARIEV, Petitioner— Appellant,**

v.

**John ASHCROFT, Attorney General, Respondent—Appellee.**

No. 04–55033.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 9, 2004.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Bojidar Zachariev, Mississauga, Ontario, pro se.

David Pinchas, Esq., Office of the U.S. Attorney, Civil & Tax Divisions, Los Angeles, CA, Respondent–Appellee.

Before: GOODWIN, WALLACE and TROTT, Circuit Judges.

### MEMORANDUM **

Bojidar Zahariev, a native of Bulgaria and a citizen of Canada, appeals the dismissal of his 28 U.S.C. § 2241 petition by the district court. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

Zahariev contends that the district court erroneously determined that it did not have jurisdiction over his nationality claims. We disagree. 8 U.S.C. § 1252(b)(5) is the exclusive means of determining United States citizenship for aliens in removal proceedings, and such claims must be brought in the court of appeals. *See Taniguchi v. Schultz,* 303 F.3d 950, 955 (9th Cir.2002). Accordingly, the district court properly determined that it did not have habeas jurisdiction over these claims. *See id.* Though Zahariev contends that we should transfer his § 2241 petition to ourselves, we decline to do so because the requirements of 28 U.S.C. § 1631 have not been met. *See* 28 U.S.C. § 1631; *see also Perdomo–Padilla v. Ashcroft,* 333 F.3d 964, 969–70 (9th Cir. 2003), *cert. denied,* 540 U.S. 1104, 124 S.Ct. 1041, 157 L.Ed.2d 887 (2004) (holding that a person may become a "national of the United States" only through birth or naturalization).

Zahariev further contends that the district court improperly denied his fourth claim, which alleges that because of his cooperation with the Los Angeles County Sheriff's Department, the government has an affirmative duty to protect him from

removal.[1] Zahariev fails to demonstrate that the government created a "special relationship" with him or that he faced any danger upon his removal to Canada. *See Wang v. Reno*, 81 F.3d 808, 818–20 (9th Cir.1996) (per curiam). The district court thus properly denied this claim. To the extent that Zahariev contends that the district court erred in not providing an evidentiary hearing on this claim, we conclude that Zahariev did not raise sufficient evidence to require the district court to do so. *See Baeta v. Sonchik*, 273 F.3d 1261, 1265 (9th Cir.2001).

We decline to reach arguments Zahariev raises for the first time in his reply brief. *See Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir.1990).

AFFIRMED.

---

1. In support of this claim, Zahariev attempts to submit to us extra-record evidence not considered by the district court. As we have repeatedly held, "[p]apers not filed with the district court or admitted into evidence by that court are not part of the clerk's record and cannot be part of the record on appeal." *Kirshner v. Uniden Corp. of America*, 842 F.2d 1074, 1077 (9th Cir.1988). Accordingly, the Government's Motion to Strike Notice of Relevant Facts, received July 30, 2004, is GRANTED.

