**Bulmaro DUQUE–BAILON,
Petitioner—Appellant,**

v.

**Michael CHERTOFF, Secretary of
Homeland Security; et al.,\*
Respondents—Appellees.**

**No. 04–55771.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 18, 2005.\*\*

Decided March 7, 2005.

Tifany E. Markee, Law Offices of Milner & Markee, LLP, San Diego, CA, for Petitioner–Appellant.

David B. Wallace, USSD—Office of The U.S. Attorney, San Diego, CA, for Respondents–Appellees.

Before: KOZINSKI, TROTT and CLIFTON, Circuit Judges.

MEMORANDUM \*\*\*

Petitioner Bularmo Duque–Bailon appeals the district court's denial of his habeas corpus petition brought under 28 U.S.C. § 2241. We affirm.

We review the district court's denial of a habeas petition de novo. *Baeta v. Sonchik,* 273 F.3d 1261, 1263 (9th Cir.2001). Petitioner failed to raise before the district court the argument that the Board of Im-

---

\* Michael Chertoff is substituted for his predecessor, Tom Ridge, as Secretary of Homeland Security. *See* Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

migration Appeals abused its discretion by construing his motion to reopen as a motion to reconsider. Consequently, Petitioner has waived this argument. *Taniguchi v. Schultz,* 303 F.3d 950, 958–59 (9th Cir.2002). Petitioner would not be entitled to relief on this basis, in any event. Even if the BIA abused its discretion by construing Petitioner's motion to reopen as a motion to reconsider, that characterization of the motion did not prejudice Petitioner. The record indicates that the BIA denied Petitioner's argument on the merits. Consequently, this error does not constitute grounds to grant the habeas petition. *See Siong v. INS,* 376 F.3d 1030, 1036 (9th Cir.2004).

The district court correctly concluded that Petitioner did not demonstrate that he was prejudiced by his former attorneys' ineffective assistance of counsel. Petitioner cannot show that he was prejudiced by Mr. Curtis's failure to present evidence to the Immigration Judge concerning his daughter's medical condition. The BIA later considered this evidence and concluded that it did not justify cancelling Petitioner's removal.

In addition, Petitioner was not prejudiced by Mr. Valinoti's failure to file a timely petition for review with the Ninth Circuit or motion to reopen with the BIA. Even if Mr. Valinoti had filed a petition for review, we would have lacked jurisdiction to consider it. Moreover, the BIA subsequently considered Petitioner's untimely motion to reopen on the merits.

AFFIRMED.

---

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General. *See* Fed. R.App. P. 43(c)(2).

---

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the