NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 17 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRAD GREENSPAN, | No. 16-15908 |
| Plaintiff-Appellant, | D.C. No. 5:14-cv-04187-RMW |
| v. | |
| IAC/INTERACTIVECORP, a Delaware corporation; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, District Judge, Presiding

Submitted August 9, 2017**

Before:    SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

Brad Greenspan appeals from the district court's order denying his Federal

Rule of Civil Procedure 60(b) motion for relief from the judgment dismissing for

failure to prosecute Greenspan's putative shareholder class action.  We have

jurisdiction under 28 U.S.C. § 1291.  We affirm.

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

In his opening brief, Greenspan failed to challenge the district court's dismissal of his action or any other district court order, and therefore Greenspan waived any such challenge. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[A]rguments not raised by a party in its opening brief are deemed waived."); *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim . . . .").

Greenspan's notice of appeal challenging the Securities and Exchange Commission's ("SEC") May 2, 2016 Order Determining Whistleblower Award Claim, which was filed in the district court, should have been filed in this court. *See* 15 U.S.C. § 78u-6(f) (providing that certain determinations of whistleblower awards "may be appealed to the appropriate court of appeals of the United States not more than 30 days after the determination is issued by the Commission"). We construe Greenspan's notice of appeal as a petition for review. *See* Fed. R. App. P. 15(a)(4). In the interests of justice, we transfer Greenspan's petition for review to this court. *See* 28 U.S.C. § 1631; *Kolek v. Engen*, 869 F.2d 1281, 1284 (9th Cir. 1989) (setting forth conditions for transfer under 28 U.S.C. § 1631); *see also Baeta v. Sonchik*, 273 F.3d 1261, 1264 (9th Cir. 2001) ("[B]ecause the purpose of the transfer statute is to aid litigants who were confused about the proper forum for review, a petition that would be time-barred without a transfer satisfies the interest

16-15908

of justice test." (citation and internal quotation marks omitted)).

The Clerk shall file Greenspan's notice of appeal (District Court Docket Entry No. 104) as a petition for review of the SEC's May 2, 2016 order and open a new case in this court.

Greenspan's motion to certify questions of law to the Delaware Supreme Court (Docket Entry No. 12) is denied.

**AFFIRMED.**

3                                                                    16-15908