**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSEPH D. ANDERSON, | No. 18-16502 |
| Petitioner-Appellee, | D.C. No. 2:14 cv-2015 JAD |
| v. | |
| DWIGHT NEVEN, Warden; ATTORNEY GENERAL FOR THE STATE OF NEVADA, | MEMORANDUM* |
| Respondents-Appellants. | |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Argued and Submitted November 13, 2019
San Francisco, California

Before:     THOMAS, Chief Judge, TASHIMA and WARDLAW, Circuit
Judges.

The State of Nevada appeals the district court's grant of Joseph D.

Anderson's 28 U.S.C. § 2254 petition for a writ of habeas corpus on the ground of

ineffective assistance of counsel.  We have jurisdiction under 28 U.S.C.

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

§ 2253(c)(1)(A). We review de novo, *see Baeta v. Sonchik*, 273 F.3d 1261, 1263 (9th Cir. 2001), and we affirm.

Anderson was involved in a fatal automobile accident. He initially was charged with and convicted of misdemeanor failure to yield. *See* Nev. Rev. Stat. § 484B.257. He was later charged with felony driving under the influence (DUI) causing death, which has as an element proof that the defendant "does any act or neglects any duty imposed by law." *Id.* § 484C.430(1). To satisfy this element, the information relied on Anderson's previous failure-to-yield offense, charging that Anderson "did neglect his duty imposed by law to yield from a stop sign to oncoming traffic," proximately causing death to another. Anderson moved to dismiss the indictment on double jeopardy grounds, but the state trial court denied the motion. The trial court made clear, however, that it would dismiss the DUI prosecution on double jeopardy grounds if, at trial, the state relied on the failure to yield as the predicate offense to establish the DUI offense.

Anderson's counsel then advised Anderson to plead guilty, and he did so, although reserving his right to appeal the denial of his motion to dismiss the indictment on double jeopardy grounds. The Nevada Supreme Court rejected the double jeopardy claim on direct appeal. Anderson's trial counsel later apologized for having advised Anderson to plead guilty, writing that Anderson's "jeopardy

2

claim may well have succeeded" if Anderson had disregarded counsel's advice and taken the matter to trial.

Anderson subsequently sought postconviction relief in state court, arguing that his trial counsel provided ineffective assistance of counsel by advising him to plead guilty. He argued that, if he had gone to trial, the prosecution would have relied on his failure-to-yield conviction to satisfy the "does any act or neglects any duty imposed by law" element of § 484C.430(1); hence, that he would have had a valid double jeopardy claim. The Nevada Supreme Court rejected this claim, but the federal district court accepted it and granted Anderson habeas relief. The State now appeals.

"A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction . . . has two components." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "First, the defendant must show that counsel's performance was deficient." *Id.* "Second, the defendant must show that the deficient performance prejudiced the defense." *Id.* In order to satisfy the prejudice requirement where, as here, a defendant argues that his trial counsel performed deficiently by advising him to plead guilty, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*,

3

474 U.S. 52, 59 (1985). "[W]here the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the 'prejudice' inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial." *Id.*

Here, in denying Anderson's motion to dismiss the information on double jeopardy grounds, the state trial court made clear that it would dismiss the case if, at trial, the state relied on the failure-to-yield offense as the predicate to establish the "does any act or neglects any duty imposed by law" element of the DUI offense. Anderson's trial counsel nonetheless advised Anderson to plead guilty. The district court concluded that "[n]o reasonable attorney would have advised Anderson" in this manner, noting that, "had Anderson gone to trial, there is a high likelihood that he would have been able to raise the double-jeopardy defense successfully." We agree.

The State suggests that Anderson cannot establish prejudice because, had the case proceeded to trial, the State could have established the "does any act or neglects any duty imposed by law" element of the DUI offense through some predicate other than the failure-to-yield offense for which Anderson had already been convicted. The information, however, relied solely on failure to yield as the predicate offense and, as the district court recognized, the record is devoid of any

4

evidence regarding any other theory upon which the State could have satisfied this element at trial. The mere possibility that the State may have been able to rely on an alternative predicate offense does not negate Anderson's showing of likely success.

In sum, because Anderson's double jeopardy defense likely would have succeeded at trial, the district court correctly concluded that Anderson has established both deficient performance and prejudice under *Strickland* and *Hill*. The district court therefore did not err by granting habeas relief.

This conclusion is not undermined by the Nevada Supreme Court's conclusion on direct appeal that "[f]ailure to yield is not a lesser-included offense of DUI causing death because each requires proof of an element the other does not." Although we defer to the Nevada Supreme Court's conclusion that, as a matter of state law, failure to yield is not always a lesser included offense of DUI causing death, this is not the end of the federal constitutional inquiry. The state court failed to recognize that:

> an offense need not *always* be a lesser included offense of the other in order for the two to be treated as the "same" offense under *Blockburger* [*v. United States*, 284 U.S. 299 (1932)]. If one offense, among many possibilities, serves *in a particular case* as the predicate for a greater offense like felony murder, then the defendant cannot be prosecuted or punished twice for both offenses, because the greater

5

> offense *in that case* necessarily requires proof of the lesser, and the two are in that sense one crime.

*United States v. Hatchett*, 245 F.3d 625, 637 (7th Cir. 2001) (emphases added). [1]

Although failure to yield is not *always* a lesser included offense of DUI causing death, it was a lesser included offense *in Anderson's particular case* because it was specifically charged in the information.

Finally, although the State does not distinctly challenge the district court's conclusion that the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) is satisfied here, we reach the question *sua sponte*, *see Hernandez v. Holland*, 750 F.3d 843, 856 (9th Cir. 2014) ("[E]ven if the Warden by silence conceded that AEDPA does not bar issuance of the writ, such concession cannot bind us."), and hold that 28 U.S.C. § 2254(d) is satisfied for the reasons stated by the district court.

**AFFIRMED.**

---

[1] *Hatchett*, in turn, relied on a trio of Supreme Court cases, *United States v. Dixon*, 509 U.S. 688, 698, 707 (1993) (Scalia, J., announcing the judgment of the Court); *id.* at 717 (Rehnquist, C.J., concurring in part and dissenting in part); *Whalen v. United States*, 445 U.S. 684, 693–94 (1980); *Harris v. Oklahoma*, 433 U.S. 682, 682–83 (1977) (per curiam).