**Dung Van CHAU, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 99–70448.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 6, 2000

Filed May 3, 2001

---

Nancy–Jo Merritt, Fragomen, Del Rey, Bernsen & Loewy, P.C., Phoenix, Arizona, for the petitioner.

Susan Houser, Allen W. Hausman, U.S. Department of Justice, Washington, D.C., for the respondent.

Before: SCHROEDER, Chief Judge, and BEEZER and PAEZ, Circuit Judges.

PAEZ, Circuit Judge:

Dung Van Chau petitions for review of a decision of the Board of Immigration Appeals (BIA), which reversed the determination of the Immigration Judge (IJ) terminating deportation proceedings. The IJ held that the Immigration and Naturalization Service (INS) failed to meet its threshold burden of establishing that Chau is an alien. The BIA, concluding that the INS had met its burden, ordered Chau deported to Vietnam pursuant to Immigration and Nationality Act ("INA") § 241(a)(2)(A)(ii), 8 U.S.C. § 1251(a)(2)(A)(ii) (1994),[1] as an alien convicted of two crimes of moral turpitude. Chau contends INA § 242(b)(5)(A), 8 U.S.C. § 1252(b)(5)(A), entitles him to a determination by this court that he is a United States national and, therefore, not deportable. Alternatively, he requests that we transfer this matter to the United States District Court for Arizona for a

---

1. This provision has been recodified as INA § 237(a)(2)(A)(ii), 8 U.S.C. § 1227(a)(2)(A)(ii) (2000).

*de novo* determination of his claim to United States citizenship, pursuant to INA § 242(b)(5)(B), 8 U.S.C. § 1252(b)(5)(B). We have jurisdiction to consider Chau's citizenship claim under INA § 242(b)(5), 8 U.S.C. § 1252(b)(5).[2] As the INS concedes, Chau's claim to United States citizenship is nonfrivolous, and he has identified genuine issues of material fact. Accordingly, we transfer this proceeding to the district court for a *de novo* determination of Chau's claim of citizenship.

## I.

Chau was born in Saigon, Vietnam, on November 8, 1971. His mother is Mai Chau, a Vietnamese citizen. He immigrated to the United States with his mother and half-brother in December, 1984, and became a permanent resident shortly thereafter. In 1996, the INS initiated deportation proceedings against Chau, charging that he is deportable as an alien convicted of two crimes of moral turpitude.

At his deportation hearing, Chau conceded he had been convicted of the two crimes but asserted that he is a citizen and therefore not deportable. In support of his citizenship claim, Chau introduced evidence that his father was a United States soldier stationed in Vietnam during the Vietnam conflict. Chau's mother testified that she met Chau's father in a bar in Saigon on several occasions, that he was African–American, and that he wore a United States military uniform. Chau's mother further testified that Chau resembles his father in that he is tall, dark, and as a child had a dimple in his cheek like his father. Although the identity of the soldier is unknown, Chau contended that his father likely was a United States citizen and likely met the other necessary requirements to establish derivative citizenship under INA § 301, 8 U.S.C. § 1401.[3] Chau also argued that he was admitted to the United States under Pub.L. No. 97–359, 96 Stat. 1716 (1982) (codified at 8 U.S.C. § 1154(f)),[4] as the child of a United

**2.** We note that, once removal proceedings have been initiated, a petition for review under 8 U.S.C. § 1252(b)(5) is the only avenue by which a person may seek a judicial determination of his or her status as a national of the United States. *Cf.* 8 U.S.C. § 1503(a) (*declaratory judgment action under 28 U.S.C. § 2201 may not be instituted if nationality is put at issue by removal proceedings*).

**3.** "The applicable law for transmitting citizenship to a child born abroad when one parent is a U.S. citizen is the statute that was in effect at the time of the child's birth." *United States v. Ahumada–Aguilar,* 189 F.3d 1121, 1124 (9th Cir.1999) (internal quotation marks and citation omitted).

Chau was born in 1971, and so the version of INA § 301 in effect at that time controls his claim to derivative citizenship. That section provided in pertinent part:

 []Nationals and citizens of United States at birth.

(a) The following shall be nationals and citizens of the United States at birth:

. . . . .

(7) a person born outside of the geographical limits of the United States and its outlying possessions of parents one of whom is an alien, and the other a citizen of the United States who, prior to the birth of such person, was physically present in the United States or its outlying possessions for a period or periods totaling not less than ten years, at least five of which were after attaining the age of fourteen years; *Provided,* That any periods of honorable service in the Armed Forces of the United States ... may be included in order to satisfy the physical-presence requirement of this paragraph.

INA § 301, 8 U.S.C. § 1401 (1970).

**4.** We refer to Public Law 97–359 as the "Amerasian Immigration Act," one of the names by which it is commonly referred. *See* MaryKim DeMonaco, Note, *Disorderly Departure:*

States citizen and that his classification upon admission to the country rendered him a United States citizen.

The IJ found that although Chau admitted he was born in Vietnam, he is a derivative citizen. The IJ noted that, under the provisions of the Amerasian Immigration Act, Chau was admitted into the United States as a minor child of a United States citizen under the "immediate relative" category established by INA § 201(b)(2)(A), 8 U.S.C. § 1151(b)(2)(A), and 8 C.F.R. § 204.4(h), and that his father, in all likelihood, satisfied the residency requirements of INA § 301, 8 U.S.C. § 1401. The IJ then found that the INS failed to prove by clear and convincing evidence that Chau has no claim to United States citizenship and terminated the deportation proceeding.[5]

The INS appealed, and, on March 19, 1999, the BIA sustained the appeal and entered an order of deportation. The BIA, rejecting the IJ's determination, concluded that Chau was born in Vietnam, that a presumption that he is an alien applied, and that he had failed to present sufficient credible evidence to rebut that presumption. In particular, the BIA rejected the IJ's finding that Chau was admitted into the United States under the Amerasian Immigration Act. Moreover, the BIA concluded that, even assuming such status, he failed to present sufficient evidence showing that his unknown father satisfied the residency requirements for establishing derivative citizenship. Because Chau failed to establish a credible claim to United States citizenship, and because Chau admitted the prior felony convictions, the BIA ordered that he be deported to Vietnam.

Chau timely petitioned for review of the BIA's order.

## II.

Whenever a petitioner makes a claim to citizenship and the record presents no genuine issue of material fact about the petitioner's nationality, a reviewing court must decide the nationality claim. INA § 242(b)(5)(A), 8 U.S.C. § 1252(b)(5)(A). If the petitioner claims to be a United States citizen and the record presents a genuine issue of material fact as to the petitioner's nationality, the reviewing court must transfer the proceeding to a district court for a *de novo* determination. INA § 242(b)(5)(B), 8 U.S.C. § 1252(b)(5)(B). In determining whether a genuine issue of material fact exists, traditional summary judgment principles apply. Thus, "a court of appeals cannot refuse to allow a *de novo* review of a citizenship claim if the evidence presented in support of the claim would be sufficient to entitle a litigant to trial were such evidence presented in opposition to a motion for summary judgment." *Agosto v. INS*, 436 U.S. 748, 756, 98 S.Ct. 2081, 2087, 56 L.Ed.2d 677 (1978).

## III.

■ The INS concedes that Chau presented sufficient evidence in the deporta-

---

*An Analysis of the United States Policy Toward Amerasian Immigration*, 15 Brook. J. Int'l L. 641, 643 (1989).

**5.** In a deportation proceeding, the INS bears the ultimate burden of establishing all facts supporting deportability by clear, unequivocal, and convincing evidence. *Murphy v. INS*, 54 F.3d 605, 609–610 (9th Cir.1995). However, evidence of foreign birth gives rise to a rebuttable presumption of alienage, shifting the burden to the respondent or deportee to prove citizenship. *Id*. If the deportee can produce substantial credible evidence in support of his or her citizenship claim, thereby rebutting the presumption, INS' burden of proving deportability by clear and convincing evidence again comes into play. *Id.; see also Woodby v. INS*, 385 U.S. 276, 277, 286, 87 S.Ct. 483, 484, 488, 17 L.Ed.2d 362 (1966).

tion hearing to raise genuine issues of material fact as to Chau's claim to derivative citizenship under INA § 301 and that transfer to the district court for further proceedings therefore is appropriate. Our own review of the record convinces us that Chau's claim is nonfrivolous and there are genuine issues of fact material to Chau's claim to derivative citizenship: the identity of Chau's father, whether Chau immigrated to the United States under the provisions of the Amerasian Immigration Act, and whether his father met the residency requirements of § 301. The evidence before the BIA would permit, although not compel, reasonable inferences supporting a conclusion that Chau's father met the requirements of § 301. Under the circumstances, transfer to the district court for a *de novo* hearing on Chau's claim is fully warranted.

## IV.

 This would be the end of the matter but for Chau's contention that his entry into the United States under the Amerasian Immigration Act, Pub.L. No. 97–359, 96 Stat. 1716 (1982) (codified at 8 U.S.C. § 1154(f)), is undisputed and that such entry mandates a determination by this court that he is a citizen or that the only remaining factual question precluding a determination of citizenship is whether his father met the residency requirements of INA § 301, 8 U.S.C. § 1401 (1970). Although the evidence suggests that Chau was admitted to the United States under the provisions of the Amerasian Immigration Act, the evidence, as noted, is susceptible to varying interpretations. This factual issue should be resolved by the district court in the first instance. Nonetheless, given the substantial evidence presented by Chau surrounding the circumstances of how he immigrated to this country, we believe that it is appropriate to address Chau's contention regarding the legal significance of entering the United States under the Amerasian Immigration Act.

Chau argues that Congress, in enacting the Amerasian Immigration Act, conferred citizenship on all persons immigrating to the United States under the provisions of that Act. Indeed, Chau's counsel asserted at oral argument that "because of the unusual and preferential terms of the [Amerasian Immigration Act], he is . . . a derivative citizen." Alternatively, Chau argues that, because the Amerasian Immigration Act classifies its beneficiaries as children of United States citizens, entry into the United States under that Act (1) precludes the INS from contesting Chau's claim that he is the child of a United States citizen and (2) leaves only the question of whether Chau's father met the residency requirements of § 301. We do not agree with either argument.

In enacting the Amerasian Immigration Act, Congress sought to address the plight of Amerasian children left behind in Southeast Asia after American forces withdrew. As one congressional supporter stated, the Act "recognize[d] the moral responsibility that we have to [Amerasian] children who have been fathered by Americans abroad." 128 Cong. Rec. 27270 (daily ed. Oct. 1, 1982) (statement of Rep. Rodino, Chairman of Committee on Judiciary). *See also* 128 Cong. Rec. 27271 (statement of Rep. Frank) ("I believe it is a matter of simple justice for us in the United States to welcome those children who were fathered by American servicemen in various Asian countries"); 128 Cong. Rec. 27272 (statement of Rep. Daschle) ("it is heartening to see us finally take this obvious action to right some of the wrong that has been perpetrated upon these children"). In recognition of that responsibility, Congress "provide[d] preferential treatment in the

admission" of such children. Pub.L. No. 97–359, 96 Stat. 1716 (1982). *See also* 128 Cong. Rec. 27273 (statement of Rep. Gilman) ("this legislation ... will give [Amerasian children] No. 1 immigration status under our immigration laws for admission to this country"). Congress also put in place novel sponsorship provisions, which the Act's supporters hoped would ensure "that [its beneficiaries] can be placed with proper sponsors when they come to our country." 128 Cong. Rec. 27271 (statement of Rep. Mazzoli).

However, there is nothing in the Act or legislative history that suggests that Congress intended to grant citizenship status to those individuals admitted into the United States under the auspices of the Act. The Act provides, in relevant part:

> []Preferential treatment for children fathered by United States citizens and born in Korea, Vietnam, Laos, Kampuchea, or Thailand after 1950 and before October 22, 1982.

> (1) Any alien claiming to be an alien described in paragraph (2)(A) of this subsection (or any person on behalf of such an alien) may file a petition with the Attorney General for classification under [8 U.S.C.] section 1151(b), 1153(a)(1), or 1153(a)(3) ..., as appropriate. After an investigation of the facts of each case the Attorney General shall, if the conditions described in paragraph (2) are met, approve the petition ...

> (2) The Attorney General may approve a petition for an alien under paragraph (1) if—

> (A) he has reason to believe that the alien (i) was born in Korea, Vietnam,

Laos, Kampuchea, or Thailand after 1950 and before October 22, 1982, and (ii) was fathered by a United States citizen; ...

INA § 204(f), 8 U.S.C. § 1154(f). Sections 1151(b), 1153(a)(1), and 1153(a)(3) of Title 8, in turn, generally establish the right of children of United States citizens to obtain immigration visas free of any quota limitations or allow such children to benefit from liberalized quotas. *See* INA § 201(b), 8 U.S.C. § 1151(b)(2)(A)(i) (establishing category of children and other immediate relatives of citizens who are not subject to numerical visa limitations); INA § 203(a)(1), 8 U.S.C. § 1153(a)(1) (establishing category of unmarried sons and daughters of citizens subject to liberalized quotas); INA § 203(a)(3), 8 U.S.C. § 1153(a)(3) (establishing category of married sons and daughters of citizens subject to liberalized quotas).

Section 204(f) and the related provisions address only the rules for obtaining a visa to enter the United States. *See* INA § 201, 8 U.S.C. § 1151 ("Worldwide level of immigration"); INA § 203, 8 U.S.C. § 1153 ("Allocation of immigrant visas"); INA § 204, 8 U.S.C. § 1154 ("Procedure for granting immigrant status"). These provisions are entirely silent on the question of naturalization or citizenship.[6]

Similarly, neither § 204(f) nor the implementing regulations[7] preclude the INS from contesting in proceedings to determine nationality whether an alien admitted under § 204(f) is in fact the child of a United States citizen. We decline to read into the statute or regulations such preclusive effect.

This does not mean that the Attorney General's factual determinations when an

---

**6.** Congress has, in other sections of the INA, expressly conferred naturalization rights on a particular category of persons. *See* INA § 329, 8 U.S.C. § 1440 (governing terms of naturalization for aliens who served in the armed forces of the United States). *See generally* INA §§ 301–347, 8 U.S.C. §§ 1401–1458 (provisions governing naturalization).

**7.** *See* 8 C.F.R. § 204.4.

**1032**

alien is admitted under § 204(f) cannot be considered in future proceedings before the district court. A determination by the Attorney General is itself evidence, which is to be given whatever "probative force" the determination "intrinsically commands." *See Universal Camera Corp. v. NLRB,* 340 U.S. 474, 495, 71 S.Ct. 456, 468, 95 L.Ed. 456 (1951). *See also Lim v. Mitchell,* 431 F.2d 197, 199 (9th Cir.1970) (admission to country as citizen and issuance of certificate of identity constituted evidence of citizenship in judicial proceedings).

## V.

Because we find that there are genuine factual disputes precluding a determination by this court of Chau's derivative citizenship, we transfer this proceeding to the United States District Court for the District of Arizona, the district in which Chau resides, for a *de novo* hearing on Chau's claim to United States citizenship. *Sanchez–Sanchez v. INS,* 957 F.2d 702, 703 (9th Cir.1992). We hold this petition for review in abeyance pending judicial determination of Chau's claim to nationality. *Id.*[8]

MATTER TRANSFERRED TO DISTRICT COURT OF ARIZONA; PETITION FOR REVIEW HELD IN ABEYANCE.

---

**8.** An additional issue that may be raised in the proceedings before the district court, although it was not raised by the INS on this appeal, is whether Chau, as a child born out of wedlock, is required to and can meet the heightened proof-of-paternity requirements of INA § 309, 8 U.S.C. § 1409. *But see United States v. Ahumada–Aguilar,* 189 F.3d 1121, 1124 (9th Cir.1999) (holding 8 U.S.C. §§ 1409(a)(3) and (a)(4) unconstitutional); *accord Lake v. Reno,* 226 F.3d 141, 148 (2d

Cir.2000); *contra Nguyen v. INS,* 208 F.3d 528, 535 (5th Cir.), *cert. granted,* 530 U.S. 1305, 121 S.Ct. 29, 147 L.Ed.2d 1051 (2000).

