**David DURAZO–MURRIETA,**
**Petitioner,**

v.

**Michael B. MUKASEY, Attorney**
**General, Respondent.**

**No. 06–73322.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 14, 2008.

Filed Feb. 20, 2008.

Sarvenaz Bahar, Esq., Morrison & Foerster, LLP, Los Angeles, CA, for Petitioner.

David Durazo–Murrieta, Eloy, AZ, pro se.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Office of the District Chief Counsel, Barry J. Pettinato, Esq., Phoenix, AZ, U.S. Department of Justice Civil Div./Office of Immigration Lit., Charles E. Canter, Esq., Washington, DC, U.S. Department of Justice Trial Attorney, Cleveland, OH, for Respondent.

Before: SILVERMAN, McKEOWN, and TALLMAN, Circuit Judges.

MEMORANDUM *

David Durazo–Murrieta, a lawful permanent resident who was born in Mexico, petitions for review of a final order of removal from the Board of Immigration Appeals. Petitioner claims derivative citizenship through his father, Juan Martinez Durazo, who was a United States citizen. We have jurisdiction to consider the nationality claim pursuant to 8 U.S.C. § 1252(b)(5). *Minasyan v. Gonzales,* 401 F.3d 1069, 1074 (9th Cir.2005). If we find from the pleadings and affidavits that there is no genuine issue of material fact, we decide nationality. 8 U.S.C. § 1252(b)(5)(A); *Chau v. INS,* 247 F.3d 1026, 1029 (9th Cir.2001). If, however, the pleadings and affidavits create a genuine issue of material fact regarding nationality,

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

we transfer this proceeding to the district court for a de novo hearing and decision regarding nationality. 8 U.S.C. § 1252(b)(5)(B); *Chau,* 247 F.3d at 1029. Traditional summary judgment rules guide our decision. *Baeta v. Sonchik,* 273 F.3d 1261, 1265 (9th Cir.2001). We find a genuine issue of material fact regarding nationality and transfer this action to the United States District Court for the District of Arizona pursuant to 8 U.S.C. § 1252(b)(5)(B).

The derivative citizenship statute in effect on March 3, 1967, when petitioner was born, determines his nationality and citizenship. *Chau,* 247 F.3d at 1028 n. 3. The applicable statute provides in relevant part:

> (a) The following shall be nationals and citizens of the United States at birth:
>
> \*     \*     \*
>
> (7) a person born outside of the geographical limits of the United States and its outlying possessions of parents one of whom is an alien, and the other a citizen of the United States who, prior to the birth of such person, was physically present in the United States or its outlying possessions for a period or periods totaling not less than ten years, at least five of which were after attaining the age of fourteen years ...

8 U.S.C. § 1401(a)(7) (1967). Petitioner's birth certificate evidences his foreign birth in Mexico, gives rise to a rebuttable presumption of alienage, and shifts the burden of proof of derivative citizenship to the petitioner. *Scales v. INS,* 232 F.3d 1159, 1163 (9th Cir.2000). Petitioner must prove his nationality/citizenship by a preponderance of the evidence. *Alcarez–Garcia v. Ashcroft,* 293 F.3d 1155, 1157 (9th Cir. 2002).

The birth and death certificates in the record establish the first three elements of nationality. Petitioner was born in Mexico on March 3, 1967. At the time, his mother was a Mexican national and citizen. His father, Juan Martinez Durazo, was born in Los Angeles, California on May 9, 1927. The only remaining issue is whether petitioner's father was physically present in the United States for a period totaling 10 years, with five of those years after age 14. Petitioner's mother's notarized statement provides that "since 1952," petitioner's father worked in the agricultural fields as a tractor driver in Arizona and California. The father's 1998 California death certificate confirms that he worked as a tractor driver in the farming sector. This evidence creates a genuine issue of material fact as to whether petitioner's father was physically present in the United States for the requisite 10 years prior to March 3, 1967.

We therefore transfer this action to the United States District Court for the District of Arizona for a de novo nationality determination pursuant to 8 U.S.C. § 1252(b)(5)(B). We hold the petition for review in abeyance pending the district court's decision. *Chau,* 247 F.3d at 1029.

MATTER TRANSFERRED TO DISTRICT COURT OF ARIZONA; PETITION FOR REVIEW HELD IN ABEYANCE.