MEMORANDUM **
David Durazo-Murrieta, a lawful permanent resident who was born in Mexico, petitions for review of a final order of removal from the Board of Immigration Appeals. Petitioner claims derivative citizenship through his father.[1] We have jurisdiction pursuant to 8 U.S.C. § 1252(b)(5). Minasyan v. Gonzales, 401 F.3d 1069, 1074 (9th Cir.2005).
The derivative citizenship statute in effect on March 3,1967, when petitioner was born, determines his nationality and citizenship. Chau v. INS, 247 F.3d 1026, 1028 n. 3 (9th Cir.2001); 8 U.S.C. § 1401(a)(7) (1967). We previously found that a genuine issue of material fact existed as to whether petitioner’s father was physically present in the United States for a period totaling ten years, with five of those years after age fourteen. We transferred this action to the district court for a de novo hearing and decision regarding nationality and held the petition for review in abeyance pending the district court’s decision. See 8 U.S.C. § 1252(b)(5)(B); Chau, 247 F.3d at 1029.
After conducting a de novo evidentiary hearing, the district court held that petitioner had not established that his father was physically present in the United States for the requisite number of years. The parties agree that the district court’s decision resolves the only issue before this court and establishes that petitioner is not entitled to derivative citizenship.
PETITION FOR REVIEW DISMISSED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

. Petitioner concedes that removal proceedings were instituted against him due to his committing two aggravated felonies.