**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN CARLOS VALDEZ-BERNAL, | No. 09-72575 |
| Petitioner, | Agency No. A017-989-923 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 4, 2011
Pasadena, California

Before: SILVERMAN, TALLMAN, and CLIFTON, Circuit Judges.

Petitioner Juan Carlos Valdez Bernal a lawful permanent resident who was

born in Mexico, petitions for review of the Board of Immigration Appeals' order

denying termination of removal. Petitioner asserts derivative citizenship through

his citizen father, Carlos Valdez. We have jurisdiction to consider nationality

pursuant to 8 U.S.C. § 1252(b)(5). Section 1252(b)(5) and traditional summary

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

judgment rules guide our decision. *Baeta v. Sonchik*, 273 F.3d 1261, 1265 (9th Cir. 2001). Because we hold that the pleadings and affidavits do not create a genuine issue of material fact, we decide nationality. 8 U.S.C. § 1252(b)(5)(A); *Chau v. INS*, 247 F.3d 1026, 1029 (9th Cir. 2001).

We apply the derivative citizenship statute in effect when Petitioner was born, 8 U.S.C. § 1401(a)(7) (1952). *Chau*, 247 F.3d at 1028 n.3. Petitioner's foreign birth in Mexico gives rise to a rebuttable presumption of alienage and shifts the burden to Petitioner to produce substantial credible evidence of derivative citizenship. If Petitioner comes forward with substantial credible evidence, the burden shifts back to the government to prove removability by clear and convincing evidence. *Ayala-Villaneuva v. Holder*, 572 F.3d 736, 737 n.3 (9th Cir. 2009).

The only issue in this case is whether Petitioner's father was physically present in the United States for ten years before October 20, 1957, with at least five of those years after September 13, 1942, when Petitioner's father turned age 14. 8 U.S.C. § 1401(a)(7). At most, the undisputed facts establish six or seven years of physical presence before October 1957, beginning by mid-1950 when Petitioner's father enlisted to fight in the Korean War. However, Petitioner did not produce substantial credible evidence to create a genuine issue of material fact about

2

whether his father was physically present prior to 1950. Petitioner's mother eventually clarified her inconsistent testimony by stating that she did not meet or know Petitioner's father until 1953, when he was discharged from the military after the Korean War. That Petitioner's father may have fathered another child in the United States in 1950 or 1951 is not probative of whether the father was physically present in the U.S. during the critical period.

**PETITION FOR REVIEW DENIED.**