**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LINDEN WINSTON GRAHAM, | No. 05-75736 |
| Petitioner, | Agency No. A024-594-709 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 23, 2011
San Francisco, California

Before: SCHROEDER, RIPPLE,[**] and BEA, Circuit Judges.

Linden Winston Graham petitions for review from the Board of Immigration

Appeals' decision dismissing his appeal from the Immigration Judge's order

finding him removable as an alien who committed an aggravated felony.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable Kenneth F. Ripple, Senior Circuit Judge for the
Seventh Circuit, sitting by designation.

Petitioner has never contested the government's allegation that he committed three aggravated felonies. Instead, Petitioner claims he is actually a United States citizen (born on the U.S. Virgin Island of St. Croix), and therefore cannot be removed no matter what crimes he has committed. Petitioner argues he is being confused with a Jamaican citizen named Winston George Graham. The government claims Winston George Graham is simply Petitioner's alias.

The only issue at the immigration hearings was Petitioner's citizenship. The Immigration Judge found the government proved Petitioner's alienage by clear and convincing evidence, and ordered him removed to Jamaica. The Board of Immigration Appeals dismissed his appeal.

The sole issue in this petition is whether Petitioner is entitled to a de novo hearing in district court on his claim that he is a U.S. citizen. Because Petitioner presents enough evidence to raise a genuine issue of material fact regarding whether he is a U.S. citizen, he is entitled to a trial in district court. 8 U.S.C. § 1252(b)(5) (discussed below) states that this court "shall" transfer the case to the district court for a de novo determination if the alien raises a triable issue of fact as to his citizenship.

While the immigration hearings were proceeding, Petitioner, proceeding pro se, filed an action in the United States District Court for the District of Arizona

seeking a writ of habeas corpus and his release from detention. After that action was filed, the BIA issued its final order of removal. Because 8 U.S.C. § 1252(b)(2) vests jurisdiction over final orders of removal in the federal courts of appeals, the district court transferred the case to this court. *See* Transfer Order at 5, *Graham v. Gonzales*, No. 04-02796 (D. Ariz. Sept. 30, 2005), ECF Dkt. No. 26.

Petitioner has presented (1) his own sworn testimony that he was born in the U.S. Virgin Islands; (2) a declaration by another man claiming that he—not Petitioner—is Winston George Graham, the Jamaican citizen identified in the documentation the government produced in this case; (3) official records by the Jamaican government that Petitioner is not a Jamaican citizen; and (4) the fact that the U.S. government is unable or unwilling to provide fingerprint or photographic evidence from the 1985 or 1987 visas that it issued to Winston Graham, which would establish conclusively whether Petitioner is, in fact, Winston Graham. These facts are sufficient to raise a triable issue of material fact as to whether Petitioner is a U.S. citizen. *See Agosto v. INS*, 436 U.S. 748, 756, 759 (1978); *Chau v. INS*, 247 F.3d 1026, 1029 (9th Cir. 2001).

We therefore transfer this case back to the district court for the District of Arizona with instructions that the district court conduct a de novo hearing on Petitioner's citizenship claim.

3

Pro bono counsel for Petitioner appointed by this court, Jessica J. Berch, Perkins Coie LLP in Phoenix Arizona, is requested (but not required) to consider continuing to represent Petitioner in district court.

The district court shall consider any motion to have Petitioner transferred back to the United States for the hearing.[1]

**TRANSFERRED TO THE DISTRICT COURT FOR THE DISTRICT OF ARIZONA; PETITION FOR REVIEW HELD IN ABEYANCE.**

---

[1] Costs shall be taxed against the government.