**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MIGUEL ANGEL ROMO-JIMENEZ, | No. 11-73647 |
| Petitioner, | |
| v. | Agency No. A024-235-086 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM and ORDER[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 12, 2013[**]
San Francisco, California

Before: PAEZ, BERZON, and TALLMAN, Circuit Judges.

Miguel Angel Romo-Jimenez (Romo-Jimenez), a citizen and native of

Mexico, petitions for review of the Board of Immigration Appeals (BIA or Board)

decision denying derivative citizenship through his mother, a naturalized citizen.

By virtue of California family law and our precedent, Romo-Jimenez's parents

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

were legally separated for the purpose of determining his eligibility for relief. However, because this is a nationality claim and an issue of material fact remains regarding Romo-Jimenez's legal custody during the relevant time period, we vacate submission of the case, hold the petition for review in abeyance, and transfer the case to the district court for an evidentiary hearing.

The relevant statutory language in this case states that "[a] child born outside of the United States of alien parents . . . becomes a citizen of the United States upon . . . [t]he naturalization of the parent having legal custody of the child when there has been a legal separation of the parents"; the child "is under the age of eighteen years"; and the child "resid[es] in the United States pursuant to a lawful admission for permanent residence." 8 U.S.C. § 1432(a) (repealed 2000). Romo-Jimenez must establish that all of these elements were present to automatically derive citizenship. The only disputed issues on appeal are: (1) whether during the relevant time frame Romo-Jimenez's parents were legally separated, and (2) whether during the relevant time frame he was in his mother's legal custody.

As to the first issue, "we must look to the law of California—the state with jurisdiction over [Romo-Jimenez's] parents' marriage—when deciding whether a legal separation occurred." *Minasyan v. Gonzales*, 401 F.3d 1069, 1077 (9th Cir. 2005). In California, legal separation occurs "when spouses have come to a

parting of ways with no present intention of resuming marital relations." *In re Marriage of Marsden*, 181 Cal. Rptr. 910, 914 (Cal. Ct. App. 1982). A "separation by virtue of the law" need only exist to constitute legal separation for the purposes of 8 U.S.C. § 1432(a)(3). *Minasyan*, 401 F.3d at 1078. Although neither of Romo-Jimenez's parents formally notified the court of their intention to terminate their marital relationship until years later (when Mrs. Jimenez filed for divorce), Romo-Jimenez presented sufficient evidence of both his mother's subjective intent to end the marriage in 1996, and objective evidence of her subsequent conduct in furtherance of that intent. *See In re Marriage of Norviel*, 126 Cal. Rptr. 2d 148, 153 (Cal. Ct. App. 2002). Accordingly, we hold that Romo-Jimenez established that his parents were legally separated by virtue of California law, satisfying this required element for derivative citizenship. *See* 8 U.S.C. § 1432(a)(3).

As to the second issue, the BIA did not make a final determination on the mixed law/fact question of Romo-Jimenez's legal custody during the relevant time period. The Board erroneously thought that rejection of Romo-Jimenez's legal separation argument was dispositive of his nationality claim, and thus, it never reached the custody issue. Where a "genuine issue of material fact" remains in a case involving a nationality claim, the proper course of action is to "transfer the proceeding to the district court of the United States for the judicial district in which

the petitioner resides."  8 U.S.C. § 1252(b)(5)(B); *Dent v. Holder*, 627 F.3d 365, 375–76 (9th Cir. 2010); *Chau v. I.N.S.*, 247 F.3d 1026, 1032 (9th Cir. 2001).  We are not the proper venue to address who had legal custody of Romo-Jimenez while he was incarcerated with the California Youth Authority.

Accordingly, submission of this case is VACATED and Romo-Jimenez's petition for review is HELD IN ABEYANCE while this case is TRANSFERRED to the United States District Court for the Northern District of California for an evidentiary hearing to determine his legal custody during that time.

* * *

The Clerk shall serve a copy of this Memorandum and Order upon the district court clerk.  The parties shall, within 30 days of this filing, advise this Court of the district court's docket number assigned to this case.

Within 14 days of the district court's entry of judgment, the parties shall file with this Court a copy of the district court's judgment, findings of fact, and conclusions of law.  Within 60 days of the district court's entry of judgment, Petitioner shall notify this Court if he wishes to further pursue his petition for review.  The panel retains jurisdiction over the appeal in No. 11-73647.

IT IS SO ORDERED.

4