UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL GARFIELD ROSE, | No.    11-73778 |
| Petitioner, | Agency No. A040-093-704 |
| v. | |
| JEFF B. SESSIONS, Attorney General, | ORDER |
| Respondent. | |

Before:  TALLMAN, PARKER,[*] and CHRISTEN, Circuit Judges.

Respondent's Motion to Amend (Dkt. 89) is GRANTED IN PART.  The memorandum disposition filed on January 24, 2017, is hereby withdrawn; the memorandum disposition submitted simultaneously with this Order shall be filed in its place.

---

[*]    The Honorable Barrington D. Parker, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| MICHAEL GARFIELD ROSE, | No.    11-73778 |
| Petitioner, | Agency No. A040-093-704 |
| v. | |
| JEFF B. SESSIONS, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 20, 2016
Pasadena, California

Before:  TALLMAN, PARKER,[**] and CHRISTEN, Circuit Judges.

Petitioner Michael Garfield Rose[1] petitions for review of the Board of

Immigration Appeals's (BIA's) decision affirming an Immigration Judge's (IJ's)

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The Honorable Barrington D. Parker, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

[1]       This case involves several people who share the last name Rose.  To avoid confusion, we refer to the Roses by their first names.

order of removal. Michael argues that the IJ erroneously ordered him removed because he obtained derivative U.S. citizenship from his mother. Whether Michael obtained derivative citizenship turns on the identity of Michael's father. If Michael's father is Harry Rose, the man who married Michael's mother after Michael's birth out of wedlock, then Michael is not a citizen of the United States and the government can deport him. If Michael's father is anyone other than Harry, Michael is a citizen of the United States and the government cannot deport him. *See* 8 U.S.C. § 1432(a) (repealed 2000).[2] We have jurisdiction to review final orders of removal under 8 U.S.C. § 1252, and we grant Michael's petition for review.

1.     When we first considered Michael's petition for review, we found a genuine issue of material fact regarding his citizenship. We entered an order holding the petition for review in abeyance and transferred Michael's claim to

---

[2]     Under former § 1432(a), unmarried minor children born outside the United States to alien parents automatically gained citizenship if they could show that they had been lawfully admitted and could demonstrate either: (1) "[t]he naturalization of the parent having legal custody of the child when there ha[d] been a legal separation of the parents"; or (2) "the naturalization of the mother if the child was born out of wedlock and the paternity of the child ha[d] not been established by legitimation." 8 U.S.C. § 1432(a) (repealed 2000). "[D]erivative citizenship is determined under the law in effect at [the] time the critical events giving rise to eligibility occurred." *Minasyan v. Gonzales*, 401 F.3d 1069, 1075 (9th Cir. 2005). Section 1432(a) was in effect when Michael's mother naturalized in 1988 and thus applies in this case.

citizenship to the United States District Court for the District of Arizona for a hearing pursuant to 8 U.S.C. § 1252(b)(5)(B).

In an unusual ruling, the district court found that the evidence of Michael's paternity was in perfect equipoise—that is, Harry is equally likely to be Michael's father as he is *not* to be Michael's father. The chances are fifty-fifty. In nationality cases transferred as declaratory judgment actions, we review the district court's findings of fact for "clear error," *Mondaca-Vega v. Lynch*, 808 F.3d 413, 417 (9th Cir. 2015) (en banc), and the record here supports the district court's conclusion that the evidence was inconclusive. Michael's paternity remains unknown.

2.      "Under § 1252(b)(5)(B), we refer proceedings to the district court *for the sole purpose* of resolving a 'genuine issue of material fact.'" *Id.* at 424 (emphasis added) (quoting 8 U.S.C. § 1252(b)(5)(B)). After transfer to the district court under § 1252(b)(5)(B), a separate appeal to this court "[is] unnecessary . . . because we never relinquish[] jurisdiction over [the petition for review] when we transfer[] it for a limited purpose to the district court." *Anderson v. Holder*, 673 F.3d 1089, 1093 (9th Cir. 2012). "In fact, it is doubtful that the district court's findings of fact and conclusions of law [are] separately appealable at all." *Id.* To resolve Michael's petition for review, we apply the legal framework applicable to

3

removal proceedings as established by our recent en banc decision in *Mondaca-Vega*, 808 F.3d at 419.

The government must prove "all facts supporting deportability by clear, unequivocal, and convincing evidence" in a removal proceeding. *Id.* (quoting *Chau v. INS*, 247 F.3d 1026, 1029 n.5 (9th Cir. 2001)). Michael does not dispute that he was born in Jamaica, and the parties agree that this gives rise to a "rebuttable presumption of alienage" that shifts the burden to Michael to prove citizenship. *Id.* (quoting *Chau*, 247 F.3d at 1029 n.5). If the petitioner in a removal proceeding produces "'substantial credible evidence' of [his] citizenship claim, this presumption bursts and the burden shifts back to the government to 'prov[e] the respondent removable by clear and convincing evidence.'" *Id.* (second alteration in original) (quoting *Ayala-Villanueva v. Holder*, 572 F.3d 736, 737 n.3 (9th Cir. 2009)).

"Substantial evidence is 'more than a mere scintilla,' . . . but less than a preponderance." *Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Here, the evidence led the district court to determine that no "particular paternity scenario is more likely than any other," *i.e.*, that the evidence was in perfect equipoise. Critically, the government did not appeal this determination; and, with the evidence hovering at

4

the fifty yard line, the district court's "equipoise" finding necessarily establishes that Michael met his burden of producing at least "substantial credible evidence" that Harry is not his father and that he is a U.S. citizen.

Because Michael rebutted the foreign birth presumption, *see Mondaca-Vega*, 808 F.3d at 419, the burden shifted back to the government to prove all facts supporting removal "by clear, unequivocal, and convincing evidence," *Berenyi v. Dist. Dir., INS*, 385 U.S. 630, 636 (1967) (quoting *Woodby v. INS*, 385 U.S. 276, 286 (1966)). The district court's ruling that the evidence was equally balanced dictates our conclusion that the government failed to prove by clear, unequivocal, and convincing evidence that Michael is not a citizen.

The BIA did not expressly review the IJ's ruling regarding Michael's paternity because it concluded that Michael was not pursuing the theory that Harry was not his biological father and that his father did not legitimize him by marrying his mother. But in his pro se briefing before the BIA, Michael argued that he obtained derivative citizenship from his mother because "he me[t] all the conditions of INA § 321(a)(3)(i)-(ii)." This included that his biological father never legitimized him by marrying his mother. The BIA erred when it concluded that Michael's sole theory on appeal was that his parents had separated before he turned eighteen. *See Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005).

5

"Where, as here, only purely legal issues remain, it 'would serve no purpose' to remand to the agency." *Medina-Lara v. Holder*, 771 F.3d 1106, 1118 (9th Cir. 2014) (quoting *Karimi v. Holder*, 715 F.3d 561, 565 (4th Cir. 2013)). As in other cases where we have found remand inappropriate, "the evidence in the record either supports the finding of removability or it does not. No further agency expertise is required to make that determination." *Ruiz-Vidal v. Gonzales*, 473 F.3d 1072, 1080 (9th Cir. 2007), *abrogated on other grounds by Kwong v. Holder*, 671 F.3d 872 (9th Cir. 2011); *accord Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121, 1133 (9th Cir. 2006). We thus decline to remand to the immigration court.

This is a particularly unusual case in which the district court found the evidence of Michael's paternity in absolute equilibrium. That finding necessarily means that Michael rebutted the foreign birth presumption with substantial credible evidence. In the removal proceeding, the government bore the burden to prove that Michael is removable as a non-citizen by clear, unequivocal, and convincing evidence. Because the government's evidence missed this mark, we GRANT Michael's petition for review and VACATE the removal order.[3]

**PETITION GRANTED.**

---

[3] Because the Government has not established alienage—and, thus, removability—by clear and convincing evidence, Michael's status reverts to that of a lawful permanent resident.