**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OSCAR ARTURO ESTRADA-CHAVEZ, Petitioner, v. JEFFERSON B. SESSIONS III, Attorney General, Respondent. | No. 14-73382 Agency No. A043-283-526 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 20, 2017
San Francisco, California

Before: WALLACE and CALLAHAN, Circuit Judges, and RESTANI,[**] Judge.

Petitioner Oscar Arturo Estrada-Chavez, a lawful permanent resident who

was born in Guatemala, petitions for review of an order of the Board of

Immigration Appeals (Board) denying his claim to derivative citizenship. We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

jurisdiction pursuant to 8 U.S.C. 1252(b)(5)(A) and we deny the petition.

Petitioner's citizenship claim is governed by former section 321(a) of the Immigration and Nationality Act. 8 U.S.C. § 1432 (repealed 2000). Section 321(a) provides that a child born outside of the United States to alien parents automatically acquires citizenship upon, among other conditions: (1) "[t]he naturalization of the parent having legal custody of the child when there has been a legal separation of the parents," and (2) "[s]uch naturalization takes place while such child is under the age of eighteen years." 8 U.S.C. § 1432(a)(3), (a)(4). Taken together, these two conditions require Petitioner to prove that his parents had legally separated at some point while Petitioner was under the age of eighteen years.

We review de novo legal questions involved in a claim of derivative citizenship. *Minasyan v. Gonzales*, 401 F.3d 1069, 1074 (9th Cir. 2005) (citations omitted). We look to state law, in this case California law, when deciding whether a legal separation occurred. *Id.* at 1076–77. Where, as here, the record presents no genuine factual dispute as to the constituent elements of a derivative citizenship claim, the court of appeals decides the claim. *See Ayala-Villanueva v. Holder*, 572 F.3d 736, 738 (9th Cir. 2009) (citing *Chau v. INS*, 247 F.3d 1026, 1029 (9th Cir. 2001)); *Minasyan*, 401 F.3d at 1074. Given that Petitioner admits birth in

2

Guatemala, he has the burden of proving United States citizenship with "substantial credible evidence." *Ayala-Villanueva*, 572 F.3d at 737 n.3.

Here, Petitioner presents affidavits by his parents as evidence that his parents were legally separated under California law as of the year 2000, when Petitioner was 17 years old. Under California law, legal separation occurs when the spouses "have come to a parting of the ways with no present intention of resuming marital relations." *Minasyan*, 401 F.3d at 1078 (quoting *In re Marriage of Marsden*, 181 Cal. Rptr. 910, 914 (Ct. App. 1982)). "The question is whether the parties' conduct evidences a complete and final break in the marital relationship." *In re Marriage of Marsden*, 181 Cal. Rptr. at 914 (citation omitted).

The affidavits of Petitioner's parents do not demonstrate a legal separation under California law. Taken as true, the affidavits show that Petitioner's parents have been living separately since the year 2000, and that they are experiencing, or have experienced, strains in the marriage because of Petitioner's mother's decision to work as a missionary. At most, then, the record establishes some degree of marital discord between the spouses during the relevant time period. These affidavits do not, however, constitute substantial credible evidence of "a complete and final break in the marital relationship" before Petitioner turned 18 years old. *In re Marriage of Baragry*, 140 Cal. Rptr. 779, 781 (Ct. App. 1977) ("That husband

3

and wife may live in separate residences is not determinative [of legal separation].") Therefore, Petitioner has not satisfied his burden to show entitlement to derivative citizenship on the basis of his parents' legal separation.

The petition for review is **DENIED.**