**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ESTEBAN TIZNADO-REYNA, | No. 13-72690 |
| Petitioner, | Agency No. A090-219-302 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 7, 2019
Phoenix, Arizona

Before: HAWKINS, M. SMITH, and HURWITZ, Circuit Judges.

An immigration judge ("IJ") ordered Esteban Tiznado-Reyna removed, rejecting his claim of derivative United States citizenship. After the Board of Immigration Appeals dismissed Tiznado's appeal, he filed this petition for review. Pursuant to 8 U.S.C. § 1252(b)(5)(B), we transferred the proceedings to the district court for a de novo nationality determination. The only disputed factual issue was whether Tiznado's father was born in this country, which the government agrees

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

under the facts of this case would have entitled Tiznado to derivative citizenship. *See* 8 U.S.C. §§ 1401(g), 1409(a). After a trial based almost entirely on documentary evidence, the district court found that Tiznado had not produced "substantial credible evidence" that his father was born in the United States. In light of the district court's factual findings, we deny the petition for review.

1. In a § 1252(b)(5)(B) proceeding, if "the government offers evidence of foreign birth, a 'rebuttable presumption of alienage' arises, 'shifting the burden to the [alleged citizen] to prove citizenship.'" *Mondaca-Vega v. Lynch*, 808 F.3d 413, 419 (9th Cir. 2015) (en banc) (alteration in original) (quoting *Chau v. INS*, 247 F.3d 1026, 1029 n.5 (9th Cir. 2001)). "Upon production by a petitioner of 'substantial credible evidence' of the citizenship claim, this presumption bursts and the burden shifts back to the government to 'prov[e] the respondent removable by clear and convincing evidence.'" *Id*. (alteration in original) (quoting *Ayala-Villanueva v. Holder*, 572 F.3d 736, 737 n.3 (9th Cir. 2009)).

2. The district court found that Tiznado did not produce credible evidence that his father was born in the United States. Tiznado claims that the district court erred at the second step of the *Mondaca-Vega* analysis, arguing that the term "substantial credible evidence" describes only a burden of production, satisfied by producing evidence that, taken in light most favorable to the petitioner, is sufficient to survive a motion for summary judgment. We disagree.

2

3. A remand for the district court to engage in a de novo determination of nationality occurs only after "the court of appeals finds that a genuine issue of material fact about the petitioner's nationality is presented." 8 U.S.C. § 1252(b)(5)(B). Thus, the proceedings in the district court necessarily began from the premise that Tiznado had presented sufficient evidence to avoid summary judgment on the nationality issue. *See* Fed. R. Civ. P. 56(a) (authorizing summary judgment only if "there is no genuine dispute as to any material fact"); 8 U.S.C. § 1252(b)(5)(A) ("If the petitioner claims to be a national of the United States and the court of appeals finds from the pleadings and affidavits that no genuine issue of material fact about the petitioner's nationality is presented, the court shall decide the nationality claim.").

4. *Mondaca-Vega* emphasized that if foreign birth is established, a petitioner must come forth with "credible" evidence in support of a claim of United States nationality. 808 F.3d at 419. The term "credible" necessarily describes a burden of persuasion, not production. Because a district court must, in considering summary judgment, view the submitted evidence in the light most favorable to the non-moving party, *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986), the use of the word "credible" in *Mondaca-Vega* is inconsistent with a summary judgment standard. Rather, it describes a burden of persuasion, because the only purpose of the remand is to allow the district court to assess the weight of evidence on the issue

3

of citizenship, a process that necessarily involves credibility determinations. *See Mondaca-Vega*, 808 F.3d at 427. The district court did not clearly err in that assessment here. *Id.* at 428 (noting that "the clear error standard 'does not vest[] us with power to reweigh the evidence presented at trial in an attempt to assess which items should and which should not have been accorded credibility'") (alteration in original) (quoting *Cataphote Corp. v. De Soto Chem. Coatings, Inc.*, 356 F.2d 24, 26 (9th Cir. 1966)).

5. The district court did not absolve the government of its ultimate burden to prove non-citizenship by "clear, unequivocal, and convincing evidence." *Id.* at 419. The record here, which included not only the uncontested fact of Tiznado's foreign birth, but also other evidence establishing that his father was born in Mexico, satisfied that standard. *See Ramon-Sepulveda v. INS*, 743 F.2d 1307, 1308 n.2 (9th Cir. 1984) (noting that for a presumption of alienage to arise, "the government must *first* present 'clear, convincing, and unequivocal' evidence of foreign birth").

**PETITION DENIED**.