**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 21 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| Eduardo Soliban Labitoria, Jr., | No. 21-340 |
| Petitioner, | Agency No.    A058-661-115 |
| v. | MEMORANDUM* |
| Merrick B. Garland, U.S. Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2023**
San Francisco, California

Before: S.R. THOMAS, MILLER, SANCHEZ, Circuit Judges

Eduardo Soliban Labitoria, Jr. ("Labitoria"), a native and citizen of the
Philippines, petitions for a review of a decision by the Board of Immigration
Appeals ("BIA") affirming the Immigration Judge's ("IJ") finding that Labitoria
was ineligible for readjustment of status.  We have jurisdiction under
8 U.S.C. § 1252, and we deny the petition.

---

\* This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

"We review de novo claims of equal protection and due process violations in removal proceedings." *Cruz Rendon v. Holder*, 603 F.3d 1104, 1109 (9th Cir. 2010). "The BIA's decision will be reversed on due process grounds if (1) the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case, and (2) the alien demonstrates prejudice, which means that the outcome of the proceeding may have been affected by the alleged violation." *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620-21 (9th Cir. 2006) (internal quotation marks and citations omitted). "An alien bears the burden of proving the alleged violation prejudiced his or her interests." *Gutierrez v. Holder*, 662 F.3d 1083, 1091 (9th Cir. 2011).

1.     The agency did not violate Labitoria's due process rights by informing Labitoria that he was ineligible to apply for a waiver of inadmissibility in conjunction with an application for readjustment of status.[1] Even if the government erroneously advised the IJ that Labitoria entered the United States as a lawful permanent resident ("LPR"), Labitoria cannot demonstrate prejudice from this alleged error. The IJ found Labitoria ineligible for a waiver of inadmissibility due to a prior controlled substance offense, not his LPR status. Labitoria does not contest the agency's finding of ineligibility

---

[1] Although Labitoria did not raise this issue before the BIA, we may consider it because the failure to "inform the alien of his or her apparent eligibility" for certain discretionary relief excuses the alien from the exhaustion requirement. *United States v. Vidal-Mendoza*, 705 F.3d 1012, 1016 (9th Cir. 2013) (quoting 8 C.F.R. § 1240.11(a)(2)).

         

based on his prior controlled substance offense and has waived this issue. *See Singh v. Ashcroft*, 361 F.3d 1152, 1157 n.3 (9th Cir. 2004).

2. This Court has jurisdiction to consider a claim to be a United States national pursuant to 8 U.S.C. § 1252(b)(5). If "the record presents no genuine issue of material fact about the petitioner's nationality, a reviewing court must decide the nationality claim." *Chau v. I.N.S.*, 247 F.3d 1026, 1029 (9th Cir. 2001) (citing 8 U.S.C. § 1252(b)(5)(A)). If, however, "the record presents a genuine issue of material fact as to the petitioner's nationality, the reviewing court must transfer the proceeding to a district court for a *de novo* determination." *Id.* (citing 8 U.S.C. § 1252(b)(5)(B)). "Traditional summary judgment rules guide our decision concerning transfer." *Ayala-Villanueva v. Holder*, 572 F.3d 736, 738 (9th Cir. 2009). Because Labitoria acknowledges that he was born in the Philippines, the burden is on him to establish United States citizenship. *See Scales v. I.N.S.*, 232 F.3d 1159, 1163 (9th Cir. 2000).

Labitoria has not created a genuine dispute of material fact about his citizenship. Labitoria focuses on the fact that the agency failed to conclusively resolve the question of whether Labitoria's grandfather transmitted citizenship to Labitoria's father at birth, who then transmitted citizenship to Labitoria at birth. Labitoria testified he was unsure whether his grandfather was a United States citizen. The IJ asked Labitoria and the government to try to obtain information regarding the citizenship status of Labitoria's grandfather. Neither party ever produced documents on this topic, and the IJ never revisited the

21-340

issue.

In the context of a citizenship claim, this Court may consider evidence outside the administrative record. *See Batista v. Ashcroft*, 270 F.3d 8, 14 (1st Cir. 2001); *Brown v. Holder*, 763 F.3d 1141, 1145 n.2 (9th Cir. 2014). Here, the government provided this Court with agency records which Labitoria argues should have been submitted before the agency. Docket Entry No. 36.[2] These records do not create a genuine issue of material fact regarding Labitoria's citizenship status. If anything, the records indicate that Labitoria's grandfather was not a citizen at the time of Labitoria's father's birth. *See* Docket Entry No. 36. Assuming, without deciding, that the government's failure to produce these records before the IJ constituted a due process error, Labitoria has not demonstrated that the error prejudiced him.

The motion for a stay of removal, Docket Entry No. 2, is denied. The temporary stay of removal is lifted.

**PETITION DENIED.**

---

[2] We grant the government's unopposed motion for judicial notice of these documents. Docket Entry No. 36.

4                                                                                    21-340